Darrell DAVIS, Special Commissioner, Third Party Petitioner/Respondent,

v.

Victoria HOWE, Walter Howe, and Bernard Terbrock, Defendants/Respondents,

and

Ronald Howe and Mary Howe, Defendants/Appellants.

No. ED 84715.

Missouri Court of Appeals, Eastern District, Division Five.

Sept. 28, 2004.

---

6. This opinion is not intended to sanction deviation from the procedures mandated by Rule 51.05.

Michal A. Graff, St. Louis, MO, for Appellant.

William Laird Hetlage, St. Louis, Byron Cohen, Clayton, for Respondent.

E. Darrell Davis, St. Charles, pro se.

Bernard L. Terbrock, St. Peters, pro se.

GEORGE W. DRAPER III, Chief Judge.

This is the second occasion in which this case has appeared in this Court. The prior appeal, no. ED83338, was dismissed for lack of a final, appealable judgment. Because there is still no final, appealable judgment, this appeal is also dismissed.

This case involves a piece of marital real estate that was not apportioned in the original dissolution proceedings of Victoria Howe (Wife) and Walter Howe (Husband) (*Howe I* ).[1] The property was an undeveloped subdivision lot in St. Charles County. Multiple transfers of the property occurred, including Husband's transfer by quit claim deed to his parents, Ronald and Mary Howe (Parents) and ultimately a transfer by Parents to Bernard Terbrock (Third Party) on August 19, 1999.

After the dissolution, Wife filed a motion to modify (*Howe II* ) and asked the trial court to apportion the property. Based upon an agreement between Wife and Husband, the trial court entered a judgment on August 25, 1999 finding the property to be marital property, ordering the transfers set aside, and ordering the property to be sold. Neither Parents nor Third Party were parties to the motion to modify in *Howe II.* The court appointed Darrell Davis as Commissioner to sell the property. Commissioner entered into a contract with Husband to buy the property.

On February 5, 2003, Commissioner filed a third-party petition against Wife, Husband, Parents, and Third Party (*Howe III* ). This petition is the crux of the prior appeals and the current appeal. The petition raised three counts: Count I, petition to set aside the contract between Commissioner and Husband; Count II, petition to quiet title, declaring that Wife owned ½ of the property and Third Party owned the other ½; and Count III, partition to sell the property and apportion the proceeds between Wife and Third Party. Commissioner alleged that he entered into a contract to sell the real estate to Husband because he believed that Husband had an

---

1. To provide background, this opinion will borrow liberally from the extensive court order entered in that case.

interest in the property that he could convey. However, Commissioner alleged Husband conveyed all of his interest to his Parents, who had conveyed it to Third Party.

Parents filed an answer to the petition and raised counterclaims against Commissioner and Wife. Parents asserted that Wife waived her marital rights to the property in January 1995 and had perpetrated fraud by claiming an interest in the property. Parents further asserted they had not been served in either *Howe I* or *Howe II* and requested the judgment in *Howe II* be set aside.

After multiple procedural motions were filed, the trial court entered a judgment on July 9, 2003 concluding that Parents had not been properly served in *Howe III*, and thus, the court lacked personal jurisdiction over Parents. As stated in our prior order in appeal no. ED83338, the court essentially quashed service as to Parents. On August 1, 2003, the trial court entered a judgment on the pleadings against Husband as to Counts I and II and set aside the real estate contract to sell the property to Husband. The court also found Husband had no interest in the property. Third Party eventually entered into a consent judgment. Husband and Parents appealed. These appeals were dismissed by this Court for lack of a final, appealable judgment, because claims were still pending in the quiet title and partition action.

Service was ultimately perfected against Parents and after the prior appeals were dismissed, the case went forward. Parents filed another answer along with counterclaims and cross claims. In Count I of the counterclaim, Parents contended the court should declare its order in *Howe II* on 8/25/99 to be void because they had not been properly served and the judgment was perpetrated by fraud. In Count II of the counterclaim, Parents argued they will remain liable for their acts and warranties when they executed a deed of trust to Third Party and asked the trial court to set aside the 8/25/99 judgment in *Howe II*. In count III of the counterclaim, Parents argued that Commissioner was an improper party to the action and the petition should be dismissed. Parents then filed three cross claims against Wife, contending: (1) she perpetrated fraud resulting in damage to Parents; (2) that Wife be ordered to pay any fees or expenses of Commissioner; and (3) that the 8/25/99 judgment should be vacated because of Wife's execution of the waiver of her marital rights. Wife filed a cross petition to quiet title and partition.

After multiple motions were filed and ruled upon, the trial court entered a judgment on the pleadings against Parents pursuant to Rule 55.27(b) on May 4, 2004. The trial court concluded that Parents had no interest in the real estate in question and entered judgment against Parents as to Count II of the Commissioner's petition, which related to the quiet title action. The court stated "they and [Son] conveyed any interest they held in the property to [Third Party], and that therefore [Parents] have admitted they own no interest within the real estate in question and that under Count II, the Court hereby declares and enters judgment that [Parents] own no interest in the real estate in question."

Parents filed this appeal, in which they state they are appealing from the 5/4/04 judgment on the pleadings, as well as a 3/16/04 order denying their motion to dismiss the Commissioner's third-party petition, denying their motion for summary judgment, granting Commissioner's motion to establish terms of bond, and setting a trial for one-day non-jury. In response, Wife has filed a motion to dismiss the appeal. Wife contends the appeal is premature because there is still no final, ap-

pealable judgment until all claims of the parties have been determined. In addition, Wife has filed a motion for sanctions for frivolous appeal. Parents have filed a motion to permit continuance of the appeal and to extend the time for filing the legal file. Parents have also filed suggestions in opposition to the motion to dismiss and the motion for sanctions. In their motion and suggestions in opposition, Parents argue the case is final and they point to various orders, which they argue collectively have disposed of all the rights of the named defendants. They further contend that the court's judgment on the pleadings entered on 5/4/04 effectively dismissed all of their defenses, counterclaims and cross-claims.

■ Generally, an appellate court only has jurisdiction over final judgments disposing of all issues and parties, which leave nothing for future determination. *O'Neill v. O'Neill,* 864 S.W.2d 7, 8 (Mo. App. E.D.1993). Supreme Court Rule 74.01(b) provides that a trial court may enter a judgment on fewer than all claims for relief upon an express determination there is "no just reason for delay." If the trial court does not either resolve all the issues as to all parties or expressly designate "there is no just reason for delay," the appeal must be dismissed. *Fleahman v. Fleahman,* 25 S.W.3d 162, 164 (Mo.App. E.D.1999).

■ In a partition case, the judgment is not final until there is a final distribution of the property. *Southard v. Southard,* 105 S.W.3d 560 (Mo.App. S.D.2003). However, in partition suits, the interlocutory judgment of partition may be appealed prior to the partition sale and distribution, if the judgment determines "the rights of

the parties." Section 512.020, RSMo 2000. This provision only applies if the interlocutory judgment in partition "determined title or quantum of interest in the subject real estate." *Unsel v. Meier,* 880 S.W.2d 646, 648 (Mo.App. S.D.1994). Where there is no determination of the ownership of each of the parties to the partition action, there has been no determination of the parties' rights. *Albright v. Kelley,* 926 S.W.2d 207, 210 (Mo.App. S.D.1996).

■ Here, the trial court has not determined what interest all of the parties have in the property sought to be partitioned. The court has not entered a judgment on Count II as to Wife's interest in the property. While the court has entered various interlocutory orders determining Husband's and Parents' rights to the real estate, it has not entered a judgment on Count III to partition the property and apportion the proceeds. In addition, the court has not ordered a partition or sale of the property. Accordingly, there is no appealable interlocutory judgment in partition that determines the rights of the parties. *See, e.g., Adams v. Adams,* 294 S.W.2d 18, 21 (Mo.1956) (interlocutory partition judgment not appealable where it did not purport to partition the property and parties were not decreed owners of any undivided interest in the land); *Paulus v. Lipe,* 688 S.W.2d 405, 406 (Mo.App. E.D.1985) (interlocutory partition judgment not appealable where it failed to determine the rights of the parties with sufficient particularity).

Even assuming the court's 5/4/04 judgment on the pleadings did resolve all issues as to Parents, multiple claims remain pending in the trial court.[2] In addition,

2. We do not conclude that the 5/4/04 judgment did resolve Parents' counterclaims and cross claims. At least one of the claims sought damages for fraud from Wife, which would not appear to be resolved by concluding Parents no longer have any interest in the real estate. In any judgment concluding this matter, the trial court would be advised to

Parents did not ask the trial court to certify its judgment under Rule 74.01(b) making an express determination that there is "no just reason for delay." Accordingly, the appeal must be dismissed. We grant Wife's motion to dismiss the appeal, deny Parents' motion to permit continuance of the appeal, and deny as moot Parents' motion for extension of time to file the legal file. Finally, this Court denies Wife's motion for sanctions. Sanctions are only authorized in the most egregious cases.

The appeal is dismissed for lack of a final, appealable judgment.

LAWRENCE G. CRAHAN, J., and GLENN A. NORTON, J., concur.

specifically address each counterclaim and cross claim, thereby staving off any further appeals prior to a final, appealable judgment.