Sharon GORDON,
Plaintiff/Respondent,

v.

Michael BABCOCK,
Defendant/Appellant,

and

Nocturne Enterprises, Inc.,
et al., Defendants.

No. ED 85083.

Missouri Court of Appeals,
Eastern District,
Division Five.

Nov. 9, 2004.

Michael Babcock, Kirkwood, MO, for appellant.

William Laird Hetlage, St. Louis, MO, for respondents.

GEORGE W. DRAPER III, Chief Judge.

Michael Babcock (Appellant) appeals from the trial court's entry of a default judgment against him and in favor of Sharon Gordon (Respondent). Because there

is no final, appealable judgment, we dismiss the appeal.

Respondent filed a multi-count petition against Appellant and four different companies, seeking judicial dissolution of the companies as well as an accounting and damages, among other things. Appellant and Respondent each hold 50 percent of the shares for the four companies. Appellant raised a jurisdictional challenge to the petition. After the trial court denied Appellant's jurisdictional challenge, he was ordered to file a responsive pleading. When he failed to do so, Respondent filed a motion for entry of a default judgment. The trial court entered a default judgment against Appellant and the four companies. The court further set the matter for a hearing to determine damages and equitable relief. Appellant filed the instant appeal.

In response to Appellant's appeal, Respondent has filed a motion to dismiss the appeal, contending there is no final, appealable judgment because the trial court has yet to determine the damages. Appellant filed a response, which fails to address whether the judgment is final and appealable. Instead, Appellant argues the merits of his appeal, namely that the trial judge did not have the authority to enter the default judgment because a petition for an extraordinary writ was pending against him.

An appellate court only has jurisdiction over final judgments that dispose of all parties and claims in the case and leave nothing for future determination. *American Family Mut. Ins. Co. v. Lindley,* 112 S.W.3d 449, 451 (Mo.App. E.D.2003). Any adjudication of fewer than all claims or all parties does not terminate the action, which makes it subject to revision by the trial court at any time until final judgment. Rule 74.01(b).

Here, the trial court only entered a default judgment against Appellant and has not resolved the issue of equitable relief or the amount of damages due to Respondent. Damages are an essential element of a claim and must be resolved for a judgment to be final and appealable. *Schulze v. Erickson,* 17 S.W.3d 588, 591 (Mo.App. W.D.2000). Partial judgment for the plaintiff on the issue of liability alone is interlocutory in character and is not a final judgment subject to appellate review. *Stotts v. Progressive Classic Ins. Co.,* 118 S.W.3d 655, 660 (Mo.App. W.D.2003). Therefore, the court's order is still subject to revision and is not a final, appealable judgment. Accordingly, the appeal must be dismissed for lack of a final judgment. *Id.*

The appeal is dismissed without prejudice for lack of a final, appealable judgment.

LAWRENCE G. CRAHAN and GLENN A. NORTON, JJ., concur.