Howard DANZIG, Plaintiff/Appellant,

v.

Charles H. BILLINGS,
Defendant/Respondent.

No. ED 86429.

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 11, 2005.

Richard C. Wuestling, IV, St. Louis, MO, for respondent.

Howard Danzig, St. Louis, MO, pro se.

GLENN A. NORTON, C.J.

Howard Danzig (Appellant) appeals from an order denying his motion for a default judgment. Because there is no final, appealable judgment, we dismiss the appeal.

Appellant has filed a notice of appeal to this Court. He asserts in his notice of appeal that he is appealing from a judgment entered on May 31, 2005, vacating a default judgment and granting Charles H. Billings (Respondent) more time to answer his petition. The docket sheets filed by Appellant, however, indicate that a default and inquiry was granted on April 29, 2005. The case was set for a hearing on May 31, 2005. On that day, the trial court denied Appellant's request to enter a default judgment and provided Respondent thirty more days to respond. Appellant's legal file does not contain any written order or judgment. In the place in his legal file that Appellant has labeled "Judgment/Ruling of Circuit Court," Appellant includes a photocopy of a portion of the transcript from the hearing on May 31, 2005. In this portion, Appellant and the trial court discuss giving Respondent thirty more days. Appellant filed his notice of appeal thereafter.

Section 512.020, RSMo Cum.Supp.2004, provides for appeals in civil cases from final judgments. Rule 74.01(a) provides that a judgment is entered "when a writing signed by the judge and denominated 'judgment' or 'decree' is filed." Here, Appellant has provided no judgment that would comply with the requirements of Rule 74.01(a) and would, therefore, be a final, appealable judgment.

Moreover, it appears that Appellant is actually complaining about the trial court's failure to grant his request for a default judgment. Even if Appellant had a written judgment denying his request, it would still not be appealable. *See, Gordon v. Babcock,* 149 S.W.3d 546, 547 (Mo.App. E.D.2004).

This Court issued an order directing Appellant to show cause why his appeal should not be dismissed for lack of a final, appealable judgment. Appellant has filed a response. However, he offers no argument that he has a final, appealable judgment. He also asks for a "change of venue" from this Court, contending it is biased. However, while the reasons Appellant asserts would result in the recusal of one judge of this Court, it does not necessitate the recusal of the entire Court.

Appellant has no final, appealable judgment. In addition, his case is still pending in the trial court. His appeal is dismissed for lack of a final, appealable judgment.

KATHIANNE KNAUP CRANE and BOOKER T. SHAW, JJ.