**Vera DAVIS, Individually and on behalf of Paula Davis, Deceased, Appellant,**

v.

**ST. LUKE'S HOME HEALTH CARE and Dr. Maureen Sheehan, Respondents.**

**No. WD 65785.**

Missouri Court of Appeals, Western District.

Sept. 12, 2006.

accrued and could be brought by the appel-    lant in a subsequent petition.

Larry D. Coleman, Raytown, for appellant.

Thomas W. Wagstaff, Kansas City, for respondent St. Luke's Home Health Care.

Timothy M. Aylward, Kansas City, for respondent Maureen Sheehan, M.D.

Before VICTOR C. HOWARD, Presiding Judge, JOSEPH M. ELLIS, Judge and LISA WHITE HARDWICK, Judge.

JOSEPH M. ELLIS, Judge.

Vera Davis appeals from summary judgment entered by the Circuit Court of Jackson County in favor of Dr. Maureen Sheehan and Saint Luke's Home Health Care & Hospice ("Home Health Care") in a wrongful death action filed by Davis related to the death of her sister, Paula Davis ("the Decedent"). For the following reasons, the appeal is dismissed.

The Decedent died on June 6, 2001, following an extended battle with lung cancer that had metastasized to her brain. The Decedent was staying in the home of another sister, Hazel Ward, at the time of her death. Dr. Sheehan was the Decedent's oncologist and primary care physician. Nurses from Home Health Care provided in-home services and counseling to the Decedent and Ward during the final stages of the Decedent's terminal illness.

Subsequent to the Decedent's death, Davis filed a petition for damages against Dr. Sheehan, Home Health Care, Ward, Freddie Davis (a brother of the Decedent), and Lisa Neal (a niece of the Decedent). Appellant claimed that the defendants "committed acts, or engaged in conduct or transactions, which resulted in the death of Paula Davis, which, if death had not ensured [sic], would have entitled Paula Davis to recover damages in respect thereof." Davis alleged "that the aforesaid defendants jointly and severally, combined, wrongfully to deprive the decedent, Paul [sic] Davis, of both nutrition and hydration, without the consent of the aforesaid Paula Davis."

On April 28, 2003, the trial court entered an interlocutory judgment of default against Ward, Freddie Davis, and Neal. The court stated that the jury would assess the damages against those defendants.

On September 1, 2004, Dr. Sheehan filed a motion for summary judgment claiming that, after having been given a sufficient amount of time for discovery, Davis could not produce evidence sufficient to establish a causal link between the Decedent's death and any act or omission of Dr. Sheehan. On October 12, 2004, Davis filed her suggestions in opposition to the motion for summary judgment. On February 3, 2005, the trial court found that Davis had failed to refute Dr. Sheehan's claim that she could not establish causation and granted Dr. Sheehan's motion and entered summary judgment in her favor.

Subsequently, Home Health Care filed a similar motion for summary judgment, averring that Davis could not produce evidence establishing a causal link between the Decedent's death and any act or omission on the part of Home Health Care. After Davis filed her suggestions in opposition to that motion, the trial court granted that motion and entered summary judgment in favor of Home Health Care. Davis now attempts to appeal from the trial court's grant of summary judgment to Dr. Sheehan and Home Health Care.

Before examining the merits of an appeal, this court must determine whether jurisdiction is proper, regardless

of whether any of the parties raised the issue. *Sangamon Assocs. v. Carpenter 1985 Family P'ship,* 112 S.W.3d 112, 115 (Mo.App. W.D.2003). "Generally, an appellate court only has jurisdiction over final judgments disposing of all issues and parties, which leave nothing for future determination." *Davis v. Howe,* 144 S.W.3d 899, 902 (Mo.App. E.D.2004). As an exception to that rule, "Supreme Court Rule 74.01(b) provides that a trial court may enter a judgment on fewer than all claims for relief upon an express determination there is 'no just reason for delay.' " *Id.* "If the trial court does not either resolve all the issues as to all parties or expressly designate 'there is no reason for delay,' the appeal must be dismissed." [1] *Id.*

■ In the case at bar, the trial court's entry of summary judgment in favor of Dr. Sheehan and Home Health Care does not resolve the case with respect to Ward, Freddie Davis, and Neal. The trial court's interlocutory judgment of default against those defendants provided that the jury would later assess damages against them. The issue of damages as to those defendants has not been resolved by the trial court. Furthermore, the trial court has not made an express determination that there is no reason for delay in bringing this appeal. Since the trial court has not resolved all of the issues as to all of the parties in this case or certified the case for appeal, the appeal must be dismissed. *Sangamon Assocs.,* 112 S.W.3d at 115; *Davis,* 144 S.W.3d at 902–03.

All concur.

---

1. "The final judgment rule is based on the belief that piecemeal appeals are oppressive and costly, and that optimal appellate review is achieved by allowing appeals only after the entire action is resolved in the trial court." *Lumber Mut. Ins. Co. v. Reload, Inc.,* 113 S.W.3d 250, 252 (Mo.App. E.D.2003).