**Travis GREEN and Darby Green, Plaintiffs–Respondents**

v.

**Jerry STUDY, Defendant–Appellant.**

**No. 28590.**

Missouri Court of Appeals, Southern District, Division One.

April 24, 2008.

Duane A. Cooper, Evenson, Carlin & Cooper, LLC, Pineville, for Appellant.

Pro se Respondent.

JOHN E. PARRISH, Presiding Judge.

Jerry Study (defendant) attempts to appeal a circuit court ruling in an action brought by Travis Green and Darby Green (plaintiffs). Plaintiffs sought to replevy 16 head of cattle alleged to have been detained by defendant after the cattle entered upon defendant's property. This court lacks jurisdiction to take action other than to dismiss the appeal for the reason that the trial court did not enter a final, appealable judgment.

Plaintiffs' petition in replevin sought possession of the errant cattle, damages for "unlawful retention," costs, and attorney fees. The circuit court denominated that action as No. 07MC–CV00243. That

case, however, appears to have been heard at the same time as another case involving all or some of the same parties. At the start of the trial, the judge observed, "Two cases are set for hearing today involving, essentially, the same parties. One is captioned Travis Green, et al[.] v. Jerry Lee Study, Case No. 07MCCV00243. The other is captioned Leotus Study v. Travis Green, Case No. 07MCCV00241." The cases were heard together but were not consolidated.

At the close of evidence, the trial court announced findings as to both cases. It identified this case as the replevin action. The other was identified as "the small claims case." The trial judge stated, "With respect to the replevin action the Court's going to enter the full order of—of replevin and I'm going to take under advisement until I look at the rule whether or not I can award any attorney's fees." After an exchange of dialogue with plaintiffs' attorney, the trial court added, "The Court is—Like I say, I'm going to take under advisement the question of—of attorney's fees. I am going to assess nominal damages in the amount of $1,000 against [plaintiffs] and punitive damages in the amount of $3,000 against [plaintiffs]."

The trial court's April 9, 2007, docket entry, the date of trial, recites the appearances of the parties and their respective attorneys. It states that the court "ORDERS FULL ORDER IN REPLEVIN FOR POSITION [SIC];" that "COURT TAKES UNDER ADVISMENT [SIC] QUESTION OF ATTY. FEE'S [SIC]. COURT AWARDS NOMINAL DAMAGE IN THE AMOUNT OF $1,000.00 AND PUNTING [SIC] DAMAGE IN THE AMOUNT OF $3,000.00. REPLIN [SIC] BOND IS RELEASED." [1]

1. Copies of the clerk's typewritten docket sheet and the handwritten judge's docket sheet are included in the legal file. The quoted entry is taken from the clerk's docket.

A further docket entry dated June 1, 2007, recites, "COURT TAKES UP MOTION FOR NEW TRIAL AND HEARD ARGUMENTS. COURT TAKES UNDER ADVISEMENT AND REQUEST BRIEFS WITH [SIC] 2 WEEKS." The only docket entries after that date included in the legal file in this appeal are an entry dated July 3, 2007, that recites a notice of appeal was filed and an entry dated July 5, 2007, that states the notice of appeal was mailed to plaintiffs' attorney and to the Court of Appeals. There is a certified copy, date stamped "JUN 25, 2007," of a document denominated "Judgment" in the legal file. Its caption is *Leota Study v. Travis Green* with the case number 07MC–CV00241.[2] It states:

> The Court after reviewing the letter briefs and cases cited finds as follows. With respect to punitive damages the court finds that the pleadings were amended by the entry of evidence supporting a punitive damage claim to which no objection was raised and further that the evidence supports the award of punitive damages.
>
> With respect to the claim for attorney's fees, again evidence supporting the claim was offered without objection and therefore amended the pleadings. It is clear to the court that there was malicious action, oppression and a willful wrong. The Court awards attorney fees in the amount of $1500.00.
>
> With respect to the nominal damages the Court cites the principle set forth in Seelig v.M.K.T. [sic], that nominal damages are nominal in name only and do not refer to an amount.
>
> IT IS THEREFORE . ORDERED AJUDGEDD [sic] AND DECREED BY

THE COURT THAT, the judgment made by the court at trial is affirmed and the motion to set aside, amend or for new trial is denied.

IT IS FURTHER ORDERED AJUDGED AND DECREED BY THE COURT THAT, as to the matter of attorney fees which was taken under advisement attorney fees are awarded to Petitioner in the amount of $1500.00.

The writing is signed by the trial judge and bears the date of June 22, 2007.

■ The replevin action was brought by two plaintiffs, Travis Green and Darby Green. Thus, it is an action in which multiple parties are involved. "[W]hen multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the ... parties only upon an express determination that there is no just reason for delay." Rule 74.01(b). A determination of no just reason for delay was not made in this case.

The "judgment" that was filed in this case does not include Darby Green as a party in its caption. Further, only a single "petitioner" is referred to in its text. It does not dispose of Darby Green as a party. As in *Payne v. City of St. Joseph*, 58 S.W.3d 84, 86–87 (Mo.App.2001), there was no final judgment in that the writing does not dispose of all the parties.

■ This is not the document's only shortcoming. Although a docket entry dated the day the trial court heard evidence alludes to awards of punitive damages of $3,000 and nominal damages of $1,000, the subsequent "judgment" states no amount of punitive or nominal damages even though it includes a finding that evidence supported an award of punitive dam-

2. The copy of the judgment attached to the Notice of Appeal in the legal file appears to be a copy of the same writing which is denominated "Judgment" and which appears else-

where in the legal file. However, its case number appears to have a handwritten "3" over its last digit which appears to have originally been the number "1."

ages.[3] "Damages are an essential element of a claim and must be resolved for a judgment to be final and appealable." *Gordon v. Babcock*, 149 S.W.3d 546, 547 (Mo.App.2004). The "judgment" is, therefore, interlocutory in nature. It is not a final judgment. *Id.* The appeal is dismissed.

BATES and SCOTT, JJ., concur.

---

**3.** Although the "judgment" states that a judgment made at trial "is affirmed," there is nothing in the record on appeal that reflects anything "at trial" that would be a judgment commensurate with requirements of Rule 74.01(a).