

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | |
|---|---|
| CREST CONSTRUCTION II, INC. and METRO ENERGY, INC., ) ) ) | |
| Appellants, ) | WD76659 |
| ) | |
| v. ) | OPINION FILED: August 19, 2014 |
| ) ) | |
| JOHN D. HART, et al., ) ) | |
| Respondents. ) | |

**Appeal from the Circuit Court of Clay County, Missouri**
**The Honorable Anthony Rex Gabbert, Judge**

**Before Division One:** Mark D. Pfeiffer, Presiding Judge, and
Lisa White Hardwick and Karen King Mitchell, Judges

Crest Construction II, Inc. and Metro Energy, Inc. (collectively "Crest Construction"), both owned by Randall Robb, appeal from the circuit court's dismissal with prejudice of their petition for breach of contract, fraud, conversion, and civil conspiracy. Crest Construction raises two points on appeal. First, Crest Construction contends that the circuit court erred when it dismissed its lawsuit based on the statute of limitations because the statute of limitations was tolled while the claims were litigated in federal court in that Crest Construction's state claims arise out of the same transactions and occurrences, they were pleaded with the same wording

with the addition of more particular factual recitations, and they are the same causes of action that were filed in federal court. Second, Crest Construction contends that the trial court erred when it dismissed its lawsuit based on the statute of frauds in that Crest Construction completely performed its portion of the oral contract by paying more than $1,600,000 to the Defendants pursuant to their agreement and, thus, the oral contract falls within an exception to the statute of frauds. Because we find that the trial court has not issued a final judgment in this case, we dismiss Crest Construction's appeal.

## Factual and Procedural Background

This case arises out of an alleged business relationship between Randall Robb and his companies, Crest Construction II, Inc. and Metro Energy, Inc. (Plaintiffs), and John D. Hart,[1] Dee Hart, On Time Auto Sales & Financing LLC, Fidelity Three, Inc., Northland Auto Brokers, LLC, Larry Myers, Connie Myers, Northland II, Inc., Northland Auto Sales & Leasing LLC, Northland Auto Sales LLC, Buddy Taylor, and Hilda Marie Chaddock (Defendants).

On October 4, 2007, Crest Construction filed a six-count complaint in the United States District Court for the Western District of Missouri. The counts were Count I (Breach of Contract), Count II (Breach of Contract), Count III (Fraud), Count IV (Conversion), Count V (Civil Conspiracy), and Count VI (RICO). All conduct allegedly committed by any defendants occurred from December 2003 through December 2004.

On August 27, 2010, the district court dismissed Count VI (RICO), which had provided the basis for federal jurisdiction. The district court declined to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) over the remaining claims, finding that the case was "a garden variety fraud and breach of contract case that should be heard in Missouri state court." The court

---

[1] The record on appeal is inconsistent as to John Hart's middle initial. He is most commonly referred to as John D. Hart.

dismissed all of Crest Construction's claims without prejudice. On November 4, 2010, the district court denied Crest Construction's motion to set aside the court's judgment and allow it to amend the complaint. On appeal to the Eighth Circuit Court of Appeals, Crest Construction submitted an amended complaint. The Eighth Circuit rejected the amended complaint and affirmed the district court's judgment on October 31, 2011.

On September 24, 2010, within thirty days of the federal district court's dismissal, Crest Construction filed its petition in the Circuit Court of Clay County.[2] Crest Construction amended its petition on December 15, 2011. The amended petition brought the following claims: Count I (Breach of Contract), Count II (Breach of Contract), Count III (Fraud), Count IV (Conversion), and Count V (Civil Conspiracy). In its amended petition, Crest Construction alleged that it entered into a business relationship with some of the Defendants to purchase vehicle sales contracts and promissory notes obtained by those companies from third-party customers. The claims stem from this relationship and the subsequent events that Crest Construction alleged transpired from December 2003 through 2004.

On October 26, 2011, the trial court entered a default judgment for Crest Construction against Defendants John Hart, Dee Hart, On Time Auto Sales and Financing, LLC, and Northland Auto Brokers LLC. In its judgment, the court cited Rule 74.05(b), the rule addressing the entry of interlocutory default judgments. The docket sheet also reflects that the default judgment was interlocutory.

On August 29, 2012, the circuit court held a hearing on the remaining Defendants' joint motion to dismiss. On September 28, 2012, the circuit court granted Defendants' motion. The circuit court found that Crest Construction's claims were barred by the statute of limitations, that the alleged contract could not be enforced because it violated the statute of frauds, and that Crest

---

[2] The federal action was still pending when the state court petition was filed.

3

Construction's petition failed to properly plead a claim or cause of action as to each of the Defendants. On June 28, 2013, the circuit court entered its judgment dismissing Crest Construction's first amended petition with prejudice as to "all defendants." The court, however, specifically stated in its judgment:

> Defendants John D. Hart and Dee Hart did not appear personally nor were they represented by counsel the Court having entered judgment previously in favor of the Plaintiffs against Defendant John Hart and Dee Hart and their business entities on October 26, 2011, and this Judgment does not address that Interlocutory Judgment.

Crest Construction appeals.

## Analysis

"Before examining the merits of an appeal, this court must determine whether jurisdiction is proper, regardless of whether any of the parties raised the issue."[3] *Davis v. St. Luke's Home Health Care*, 200 S.W.3d 592, 593-94 (Mo. App. W.D. 2006). "'Generally, an appellate court only has jurisdiction over final judgments disposing of all issues and parties, which leave nothing for future determination.'" *Id.* at 594 (quoting *Davis v. Howe*, 144 S.W.3d 899, 902 (Mo. App. E.D. 2004)). "As an exception to that rule, 'Supreme Court Rule 74.01(b) provides that a trial court may enter a judgment on fewer than all claims for relief upon an express determination there is "no just reason for delay."'" *Id.* (quoting *Davis*, 144 S.W.3d at 902). "'If the trial court does not either resolve all the issues as to all parties or expressly designate "there is no reason for delay," the appeal must be dismissed.'" *Id.* (quoting *Davis*, 144 S.W.3d at 902).

"'Damages are an essential element of a claim and must be resolved for a judgment to be final and appealable.'" *Green v. Study*, 250 S.W.3d 799, 802 (Mo. App. S.D. 2008) (quoting *Gordon v. Babcock*, 149 S.W.3d 546, 547 (Mo. App. E.D. 2004)). In the case at bar, the trial court's June 28, 2013 judgment does not dispose of all issues, as the judgment does not resolve

---

[3] None of the parties raised the issue of the finality of the judgment in their briefs or during argument.

the issue of damages as to the parties against whom the interlocutory default judgment was entered. Furthermore, the trial court did not make an express determination that there was no reason for delay in bringing this appeal.[4] Because the trial court has not resolved all of the issues as to all of the parties in this case or certified the case for appeal, the appeal must be dismissed.

_____
Karen King Mitchell, Judge

Mark D. Pfeiffer, Presiding Judge, and
Lisa White Hardwick, Judge, concur.

---

[4] We make no determination herein as to whether such an express determination by the trial court would have been appropriate. We simply note that no such determination was made in this case.

5