

# In the Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| SABRINA ZELLER, | ) | |
| Appellant, | ) | |
| v. | ) | WD77495 |
| | ) | FILED: March 3, 2015 |
| CAMERON SCAFE, | ) | |
| Respondent. | ) | |

## APPEAL FROM THE CIRCUIT COURT OF LAFAYETTE COUNTY
### THE HONORABLE DENNIS A. ROLF, JUDGE

### BEFORE DIVISION FOUR: ALOK AHUJA, CHIEF JUDGE, PRESIDING,
### LISA WHITE HARDWICK, JUDGE AND ROBERT M. CLAYTON, III, SP. JUDGE

Sabrina Zeller, plaintiff *ad litem* for her deceased son, Cody Turner, appeals the circuit court's judgment dismissing her claim of negligence *per se* against Cameron Scafe. We dismiss her appeal for lack of a final, appealable judgment.

### FACTUAL AND PROCEDURAL HISTORY

Because this is an appeal from a dismissal for failure to state a claim, we assume the facts alleged in the petition to be true for purposes of this appeal. According to the petition, on May 12, 2012, Turner, Brian Beebe, Jr., and Kristen Kantner attended a "keg party" at Scafe's house in Oak Grove. At the party, Scafe knowingly allowed Beebe and other minors to drink or possess intoxicating liquor

and knowingly failed to stop them from drinking or possessing intoxicating liquor. Beebe consumed alcohol throughout the night and into the morning.

At approximately 6:30 a.m., Turner, Beebe, and Kantner left the party in a Jeep Wrangler provided by Amy Greenstreet. Turner initially drove but became fatigued. Beebe then drove the car, and Turner moved to the console of the vehicle. While driving, Beebe failed to negotiate a curve, lost control of the vehicle, left the roadway, and struck an embankment. The vehicle overturned.

Turner was ejected from the vehicle and suffered a head injury, multiple skull fractures, and epidural and subdural hematomas. As Turner lay moaning and suffering at the crash site, Beebe panicked and fled the scene on foot. Beebe contacted his grandfather, Jerry Nussbaum, and asked him to pick him up. Nussbaum picked up Beebe. Meanwhile, Kantner called emergency services and ran to a nearby residence for help. Turner was air transported to a hospital, where he died.

In December 2012, Zeller filed a petition for damages for Turner's death. She asserted claims against Scafe, Kantner, Greenstreet, Beebe, and Nussbaum. Zeller subsequently settled her claims against Greenstreet, Beebe, and Nussbaum.

In August 2013, Zeller filed a first amended petition alleging claims against only Scafe (for negligence *per se*) and Kantner (for negligence and for wrongful death). Scafe and Kantner filed motions to dismiss Zeller's claims against them. In October 2013, Kantner filed an amended cross-petition for damages in which she asserted claims for negligence and outrageous conduct against Scafe and claims

2

against Zeller, in her capacity as Turner's representative, for Turner's alleged negligence and outrageous conduct. Scafe filed a motion to dismiss Kantner's claims against him, while Zeller filed an answer to Kantner's claims against her.

In December 2013, the circuit court granted Kantner's motion to dismiss Zeller's claims against her. In April 2014, the court granted Scafe's motion to dismiss both Zeller's first amended petition and Kantner's claims against him. Zeller appealed.

After receiving Zeller's notice of appeal, this court notified the parties that the dismissal order attached to the notice of appeal was not denominated "judgment" and, therefore, was not a final judgment under Ruler 74.01(a). At Zeller's request, the circuit court entered a second document on May 7, 2014, denominated "judgment," in which it again granted Scafe's motion to dismiss both Zeller's first amended petition and Kantner's claims against him. At the same time the court entered this judgment, the court made a docket entry that stated, "Defendant Kantner's Crossclaim [sic][1] against plaintiff Sabrina Zeller is still pending."

In the jurisdictional statement of his Respondent's brief, Scafe argued that the May 7, 2014 judgment was not final for purposes of appeal because Kantner's claims against Zeller were still pending and the court had not certified the judgment

---

[1] Because they were asserted against an adverse party rather than a co-party, Kantner's claims against Zeller are properly denominated "counterclaims" rather than "cross-claims." *See* Rule 55.32.

3

for early appeal by expressly stating that there was no just reason for delay. At this court's request, the parties addressed the issue in supplemental letter briefs.

**ANALYSIS**

Before we can address the merits of Zeller's appeal, we must determine whether jurisdiction is proper. "Generally, an appellate court only has jurisdiction over final judgments disposing of all issues and parties, which leave nothing for future determination." *Crest Const. II, Inc. v. Hart*, 439 S.W.3d 246, 249 (Mo. App. 2014) (internal quotation marks and citations omitted). An exception to this rule is contained in Rule 74.01(b), which provides that the circuit court "may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." *Id*. If the circuit court "does not either resolve all the issues as to all parties or expressly designate 'there is no reason for delay,' the appeal must be dismissed." *Id.* (internal quotation marks and citations omitted).

In this case, the circuit court's May 7, 2014 judgment dismissing Zeller's and Kantner's claims against Scafe did not dispose of all issues, as it did not resolve Kantner's claims against Zeller. Indeed, the circuit court recognized this when it entered the judgment, as it simultaneously made a docket entry noting that Kantner's claims against Zeller were still pending. Because the circuit court has not resolved all of the issues as to all of the parties in this case or certified the case for

4

early appeal,[2] the appeal must be dismissed.  *Crest Const.*, 439 S.W.3d at 249;

*Ameriquest Mortg. Co. v. Gehrig*, 245 S.W.3d 239, 241-43 (Mo. App. 2007);

*Davis v. St. Luke's Home Health Care*, 200 S.W.3d 592, 593-94 (Mo. App.

2006).[3]

**CONCLUSION**

The appeal is dismissed.

_____
LISA WHITE HARDWICK, JUDGE


ALL CONCUR.

---

[2] We express no opinion as to whether the circuit court could properly certify the partial judgment in this case as final for early appeal.  "Though [Rule 74.01(b) is] written to suggest unfettered discretion in the trial court, in fact a trial court's certification 'that there is no just reason for delay' is not conclusive.  'It is the content, substance, and effect of the order that determines finality and appealability.'"  *ABB, Inc. v. Securitas Sec. Servs. USA, Inc.*, 390 S.W.3d 196, 200 (Mo. App. 2012) (citations omitted).

[3] In her letter brief addressing the appellate jurisdiction issue, Zeller cites caselaw that adopts a four-part test for determining whether a circuit court properly certified a partial judgment as final under Rule 74.01(b).  The circuit court did not certify its judgment as a partial final judgment under Rule 74.01(b), however.  Therefore, the caselaw that Zeller cites is irrelevant here.  Contrary to Zeller's suggestion, the circuit court's denomination of its ruling as a "judgment," as required by Rule 74.01(a), is not the equivalent of the certification required by Rule 74.01(b).