

# In the
# Missouri Court of Appeals
# Western District

| | |
|---|---|
| **LARONDA PHOX,**<br><br>　　　　　　　　　　**Appellant,**<br><br>v.<br><br>**JOANN C. BOES, ET AL.,**<br><br>　　　　　　　　　　**Respondents.** | **WD82194**<br><br>**OPINION FILED:**<br><br>**April 20, 2021** |

**Appeal from the Circuit Court of Jackson County, Missouri**
**The Honorable Charles H. McKenzie, Judge**

**Before Division One:**
**Anthony Rex Gabbert, P.J., Edward R. Ardini, Jr., and Thomas N. Chapman, JJ.**

Laronda Phox appeals *pro se* from the judgment of the Jackson County Circuit Court granting summary judgment in favor of the defendants on some of her claims and dismissing others. Because the judgment is not final and appealable, the appeal is dismissed.

## Background

On September 15, 2016, Phox, acting *pro se*, filed a first amended complaint seeking damages against Joann Boes, Verlin Boes, Michael Boes, Motor Banc LLC, Verlin Boes & Associates, Inc., Motor Banc of Liberty LLC, and Giovanna LLC (collectively "Defendants"). The complaint asserted ten claims, entitled as follows: "Violation of the Missouri Merchandising Practices Act," "Fraud," "Fraudulent Misrepresentation," "Constructive Fraud," "Breach of

Contract," "Fraudulent Concealment and Nondisclosure," "Breach of Duty—Personal Injury," "Defamation of Slander—Michael John Boes," "Intentional Infliction of Emotional Distress," and "Unjust Enrichment." All of the claims related to a short-term, title loan secured by a lien against her automobile and the repossession of that automobile.[1] Defendants filed their answer and counterclaims.

On January 16, 2017, Defendants filed a motion for summary judgment. The trial court entered an order on March 13, 2017, granting summary judgment in part. Specifically, it granted summary judgment in favor of Defendants on Phox's claims for Violation of the Missouri Merchandising Practices Act, Constructive Fraud, Fraudulent Concealment, Breach of Duty—Personal Injury, Defamation, and Intentional Infliction of Emotional Distress. The trial court denied Defendants' motion for summary judgment on the Fraud claim and the Fraudulent Misrepresentation claim, and ordered Phox to amend the claims with the particularity required by Rule 55.15. Additionally, the trial court granted summary judgment in favor of all Defendants, except Motor Banc of Liberty LLC, on the Breach of Contract claim, and ordered Phox to amend her breach of contract claim regarding Motor Banc of Liberty LLC to establish the essential elements of the claim. Finally, the trial court granted summary judgment in favor of all Defendants, except Motor Banc of Liberty LLC, on the Unjust Enrichment claim. Thus, after the trial court's March 13, 2017 order, the following claims remained: Fraud and Fraudulent Misrepresentation against all Defendants; Breach of Contract against Motor Banc of Liberty LLC only; and Unjust Enrichment against Motor Banc of Liberty LLC only.

---

[1] Phox filed a similar complaint in 2013 against Defendants. The trial court dismissed the 2013 complaint without prejudice for failure to state a cause of action. *Phox v. Boes*, 481 S.W.3d 920, 921 (Mo. App. W.D. 2016). This court subsequently dismissed Phox's appeal because the trial court's judgment did not constitute a final judgment for the purposes of appeal. *Id.* at 922.

On November 1, 2017, in response to the trial court's directions in its March 13, 2017 order, Phox amended her claims of Fraud, Fraudulent Misrepresentation, Breach of Contract, and Unjust Enrichment ("second amended complaint"). On November 9, 2017, Defendants filed a motion to dismiss the second amended complaint for failure to state a claim upon which relief can be granted. The trial court entered an order on January 29, 2018, sustaining Defendants' motion to dismiss the Fraudulent Misrepresentation claim but denying the motion to dismiss in all other respects.

On February 13, 2018, Defendants filed a motion for more definite statement regarding the Fraud claim, arguing that the claim failed to meet the particularity requirements of Rule 55.15. The trial court granted Defendants' motion, ordering Phox to file a more definite statement of "which party(ies) is (are) alleged to have engaged in fraudulent behavior, what said fraudulent behavior consisted of, and how Plaintiff was damaged." On March 26, 2018, Phox filed her response to the trial court's order to provide a more definite statement. On May 3, 2018, Defendants filed a motion to strike Phox's response to the order for a more definite statement and to dismiss the Fraud claim, arguing that the response was not timely filed and that it did not comport with the trial court's order. Thereafter, Phox filed two motions to amend her pleadings on June 1, 2018, and June 20, 2018—one to include a Tortious Interference claim against Verlin Boes, and one to include a count for Spoliation of Evidence. She did not attempt to amend her Fraud claim.

On September 24, 2018, the trial court entered a judgment/order granting Defendants' motion to dismiss the Fraud claim and denying Phox's motions to amend her pleadings. Thereafter, Defendants dismissed their counterclaims against Phox. This appeal by Phox followed.

**Analysis**

Phox raises six points on appeal. However, before the merits of Phox's appeal can be addressed, this court must determine whether jurisdiction is proper. "Generally, an appellate court only has jurisdiction over final judgments disposing of all issues and parties, which leave nothing for future determination." *Zeller v. Scafe*, 455 S.W.3d 503, 505 (Mo. App. W.D. 2015) (internal quotes and citation omitted). Rule 74.01(b) contains an exception to this rule. *Id.* It provides that the trial court "may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." Rule 74.01(b). If the trial court "does not either resolve all the issues as to all parties or expressly designate 'there is no just reason for delay,' the appeal must be dismissed." *Zeller*, 455 S.W.3d at 505 (internal quotes and citation omitted).

This case involved ten claims against seven defendants. On March 13, 2017, the trial court disposed of six claims against all defendants by summary judgment—Violation of the Missouri Merchandising Practices Act, Constructive Fraud, Fraudulent Concealment, Breach of Duty—Personal Injury, Defamation, and Intentional Infliction of Emotional Distress. It also granted summary judgment against all of the defendants except Motor Banc of Liberty LLC on Breach of Contract and Unjust Enrichment. After the trial court's partial summary judgment, the Fraud and Fraudulent Misrepresentation claims remained against all Defendants, and the Breach of Contract and Unjust Enrichment claims remained against Motor Banc of Liberty LLC. On January 29, 2018, the trial court dismissed the Fraudulent Misrepresentation claim against all Defendants. On September 24, 2018, it dismissed the Fraud claim against all Defendants. Defendants thereafter dismissed their counterclaims against Plox. The trial court, however, never disposed of the Breach of Contract and Unjust Enrichment claims against Motor Banc of

4

Liberty LLC.  While the trial court's September 24, 2018 judgment/order provided, "The Court Orders and Adjudges that this matter is hereby DISMISSED," the trial court only discussed Phox's Fraud claim and granted Defendants' May 3, 2018 motion to dismiss that specific claim in the judgment/order.  Defendants did not request that the Breach of Contract and Unjust Enrichment claims against Motor Banc of Liberty LLC be dismissed in their May 3, 2018 motion to dismiss, and the trial court did not mention those claims in its judgment/order.  Furthermore, the trial court did not expressly determine that there was no just reason for delay.  Because the trial court did not resolve all of the issues as to all of the parties in this case or certify the case for early appeal, the appeal must be dismissed.  *Id.* at 505-06.

The appeal is dismissed.

_____
Thomas N. Chapman, Judge


All concur.