

# In the
# Missouri Court of Appeals
## Western District

CHRISTOPHER PATTERSON, AS )
NEXT FRIEND FOR MINOR CHILD )
C.P., ) WD86159
)
          Appellant, ) OPINION FILED:
) MARCH 5, 2024
v. )
)
STEPHANIE ROACH, DEFENDANT, )
AND LAKEVIEW TERRACE )
PROPERTY, LLC, )
)
          Respondent. )

**Appeal from the Circuit Court of Clay County, Missouri**
The Honorable David P. Chamberlain, Judge

Before Special Division: Gary D. Witt, Chief Judge, Presiding, Cynthia L. Martin, Judge
and James E. Welsh, Special Judge

Christopher Patterson, ("Patterson") Next Friend for the minor child C.P.

("Child")[1] appeals a judgment from the Circuit Court of Clay County, Missouri ("trial

court") granting summary judgment in favor of Lakeview Terrace Property, LLC

---

[1] Pursuant to section 509.520, RSMo (2023), this opinion does not include any personal identifying information for the minor child.

("LTP"). Patterson raises two points on appeal and argues that: Point I, the trial court erred in granting LTP's motion for summary judgment on his negligence claim because LTP owed Child a duty of care as a matter of law; and Point II, the trial court abused its discretion in granting LTP's motion for summary judgment because Patterson demonstrated he needed more time for discovery. We dismiss this appeal for lack of jurisdiction due to the lack of a final, appealable judgment.

## Factual and Procedural Background

LTP owned and operated a manufactured home community in Kansas City, Missouri. In 2017, Patterson entered into a lease with LTP and resided there with Child. Patterson signed a Site Lease and Manufactured Home Lease Agreement with LTP. Any resident who owned a pet was required to sign a Pet Addendum prior to moving in. As written in the Pet Addendum, "Pets are permitted only with the prior written approval of Management. . . . All pets must be brought in to the Community office for approval and registration prior to lease signing." By signing the Pet Addendum residents agreed to keep pets on short leashes at all times. Any pet "found to be noisy, unruly, aggressive or dangerous in the sole discretion of the Community must be immediately removed from the community."

Stephanie Roach ("Roach") leased property from LTP and resided there with her dog. On March 31, 2018, Child was playing outside when she was attacked by Roach's dog. Roach's dog got loose from her home and bit Child, which resulted in injuries to Child's left thigh. Roach reported the incident to Kansas City Animal Control, and an

2

officer arrived on the scene. Roach told the officer her dog had previously bit someone in St. Joseph, Missouri.

On August 26, 2021, Patterson filed a petition for damages in the Circuit Court of Jackson County, Missouri, raising five counts against Roach and Lakeview Terrace Mobile Home Community as defendants. On February 2, 2022, Patterson filed a First Amended Petition naming Roach, LTP, and YES Lakeview Terrace LLC ("YES Lakeview") as co-defendants. Lakeview Terrace Mobile Home Community was dropped as a defendant by the plaintiff in filing the First Amended Petition and is no longer a party to the action. On January 24, 2022, an interlocutory order of default was entered against Roach pursuant to Rule 74.05(b) for her failure to timely answer or otherwise defend the action. No damages were assessed in the interlocutory order of default and that issue remains pending. LTP and YES Lakeview are two separate entities.[2] Patterson's First Amended Petition alleged seven counts. Pertinent to this appeal, Patterson asserted LTP was negligent because it had a duty to Patterson and other tenants through its guidelines, lease agreement, and Pet Addendum (collectively "Agreements").

---

[2] YES Lakeview was formed in April 2019. YES Lakeview purchased LTP's property and recorded the Special Warranty Deed with Clay County Recorder of Deeds on May 22, 2019. On April 6, 2022, YES Lakeview filed a motion for summary judgment, asserting it was entitled to judgment as a matter of law because it did not exist and did not own the land at the time of the dog bite. On February 16, 2023, the trial court granted YES Lakeview's motion for summary judgment. The trial court found YES Lakeview owed no legal or contractual duty to Patterson at the time of the incident because YES Lakeview did not exist, did not own the property, and did not have any contractual agreement with Patterson. Further, there was no evidence YES Lakeview was liable for any debts or liabilities of LTP. Patterson does not challenge the trial court's grant of YES Lakeview's motion for summary judgment in this appeal.

3

On April 27, 2022, venue for this case was transferred by agreement of the parties from the Jackson County circuit court to the Clay County circuit court and assigned to the trial court. On June 20, 2022, LTP filed a motion for summary judgment asserting no disputed issues of material fact exist because LTP did not own, possess, or harbor the dog that bit Child, and thus, is not liable under Missouri law. On July 20, 2022, Patterson responded to LTP's motion for summary judgment asserting LTP's motion for summary judgment was premature as he was not provided full interrogatory answers by LTP, nor did he have the opportunity to conduct any depositions of fact witnesses or corporate representatives to demonstrate LTP's liability.

On January 12, 2023, a hearing was held on the motion for summary judgment. On February 16, 2023, the trial court granted LTP's motion for summary judgment finding LTP did not have a duty to Patterson, nor did it create a duty in the lease agreement with Roach. This appeal follows.

## Discussion

While neither party has questioned appellate jurisdiction, this Court must determine its jurisdiction *sua sponte*. *Mo. Bond Co. v. Devore*, 580 S.W.3d 653, 656 (Mo. App. E.D. 2019). "If an intended judgment does not dispose of all issues and all parties in the case or does not form a final disposition of the matter it is not a final, appealable judgment[.]" *Spicer v. Donald N. Spicer Revocable Living Trust*, 336 S.W.3d 466, 467 (Mo. banc 2011). "As an exception to that rule, Supreme Court Rule 74.01(b) provides that a trial court may enter a judgment on fewer than all claims for relief upon

4

an express determination there is 'no just reason for delay.'" *Crest Const. II, Inc. v. Hart*, 439 S.W.3d 246, 249 (Mo. App. W.D. 2014) (internal quotation marks omitted).

Here, an interlocutory order of default was entered against Roach on January 24, 2022, but no damages were ever assessed, therefore the judgment against Roach is not final. *Id.* There was further no express determination from the trial court that there was "no just reason for delay" as to the summary judgment entered in favor of LTP. Rule 74.01(b). Therefore, because the trial court's judgment is not final as to all of the parties in this case and it has not made the required finding under Rule 74.01, of no just reason for delay as to its judgment in favor of LTP, this appeal must be dismissed.

## Conclusion

The appeal is dismissed for lack of appellate jurisdiction.

_____
Gary D. Witt, Chief Judge

All concur

5