

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

CAPITAL FINANCE LOANS, LLC, )
                                       )

        Appellant, )

                                       )

       v. )        WD78621

                                       )

ANDREW READ, )        Opinion filed:  December 15, 2015

                                       )

        Respondent. )

**APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
THE HONORABLE SANDRA MIDKIFF, JUDGE**

Before Division Three:  Joseph M. Ellis, Presiding Judge,
Karen King Mitchell, Judge and Gary D. Witt, Judge

Capital Finance Loans, LLC filed suit against Andrew Read in the Circuit Court of Jackson County seeking a deficiency judgment against him following the repossession and sale of his pickup truck.  Read filed a motion to dismiss Capital Finance's amended petition, asserting that Capital Finance had failed to comply with certain statutory provisions relating to the notice to be given to him about the sale of the truck.  The circuit court entered a Partial Judgment and Order granting Read's motion to dismiss and subsequently certified its partial judgment as final for the purposes of appeal.  For the following reasons, the appeal is dismissed.

On November 10, 2012, Read entered into a Retail Installment Contract and Security Agreement at a car dealership to fund the purchase of a 2004 Dodge Ram pickup truck. That contract was assigned to Capital Finance pursuant to the terms of the contract. After Read defaulted on his payments, on February 13, 2014, Capital Finance filed a petition in the Circuit Court of Jackson County asserting causes of action for replevin in the first count and breach of contract and deficiency in the second.

On March 15, 2014, Capital Finance took possession of the truck and subsequently sold it in a private sale. On July 28, 2014, Read filed his answer to the petition and asserted counter-claims for violations of the Motor Vehicle Time Sales Act and the Uniform Commercial Code. In his first counterclaim, Read asserted that the installment contract for the truck failed to comply with § 365.070.06(7)[1] of the Motor Vehicle Time Sales Act because it did not contain certain required information and sought a declaration that Read was not responsible for any time price differential, delinquency, or collection charges on the contract; punitive damages; and attorneys' fees. In his second counterclaim, Read asserted a class action claim against Capital Finance for failing to comply with various presale notice requirements contained in § 400.9-614(1) of the Uniform Commercial Code prior to selling repossessed vehicles.

On October 31, 2014, Capital Finance filed an Amended Petition reflecting the repossession and sale of the vehicle. Among the exhibits attached thereto was the notice of sale it had sent to Read.

Read filed a motion to dismiss Capital Finance's Amended Petition, asserting that Capital Finance had failed to comply with the provisions of § 400.9-614(1) by sending

---

[1] All statutory references are to RSMo 2000 as updated through the 2012 Cumulative Supplement unless otherwise noted.

him a notice of the sale for the vehicle that did not contain information required by the statute. The trial court ultimately entered its Partial Judgment and Order granting that motion, concluding that the notice of sale sent to Read failed to comply with the requirements of § 400.9-614(1) because (1) it did not inform him of his right to an accounting of the debt and the cost of any such accounting and (2) it failed to adequately inform him of the time of the sale. The trial court subsequently certified its Partial Judgment and Order as final for purposes of appeal.

In its sole point on appeal, Capital Finance contends that the trial court improperly dismissed its amended petition based upon an erroneous determination that its notice of sale failed to comply with the relevant statutory requirements. It argues that its notice of sale exceeded what was required because it actually provided Read with an adequate accounting and sufficiently informed Read of the date after which the truck would be sold.

Before we can address the merits of an appeal, "[t]his court has a duty to determine *sua sponte* whether we have jurisdiction to review [the] appeal." ***Gerken v. Missouri Dep't of Soc. Servs.***, 415 S.W.3d 734, 737 (Mo. App. W.D. 2013). "Generally, an appellate court only has jurisdiction over final judgments disposing of all issues and parties, which leave nothing for future determination." ***Zeller v. Scafe***, 455 S.W.3d 503, 505 (Mo. App. W.D. 2015) (internal quotation omitted). "An exception to this rule is contained in Rule 74.01(b), which provides that the circuit court 'may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay.'" ***Id.***

3

However, "[a] trial court's designation of a judgment as final under Rule 74.01(b) is effective only when the order disposes of a distinct 'judicial unit.'" *ABB, Inc. v. Securitas Sec. Servs. USA*, 390 S.W.3d 196, 200 (Mo. App. W.D. 2012) (internal quotation omitted). "Stated differently, even if the circumstances suggest that judicial economy could be promoted by certification of an interlocutory order as final, unless the interlocutory order disposes of a distinct 'judicial unit,' the order cannot be properly certified as final pursuant to Rule 74.01(b), rendering this court without jurisdiction to entertain an appeal from the order." *Id*. As noted by the Missouri Supreme Court in *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997):

> The required 'judicial unit for an appeal' has a settled meaning: the final judgment on a claim and not a ruling on some of several issues arising out of the same transaction or occurrence which does not dispose of the claim. An order dismissing some of several alternative counts, each stating only one legal theory to recover damages for the same wrong, is not considered an appealable judgment while the other counts remain pending because the counts are concerned with a single fact situation. It is "differing," "separate," "distinct" transactions or occurrences that permit a separately appealable judgment, not differing legal theories or issues presented for recovery on the same claim.

(internal citations and quotations omitted). "Claims are considered separate such that their pendency will not prevent appeal following certification under Rule 74.01(b) if they require proof of different facts and the application of distinguishable law, subject to the limitation that severing the claims does not run afoul of the doctrine forbidding the splitting of a cause of action." *ABB,* 390 S.W.3d at 201 (internal quotation omitted).

"If a judgment disposes of fewer than all of the issues and remedies as to a single claim, it is not an appealable judgment." *Gerken*, 415 S.W.3d at 739 (internal quotation and emphasis omitted). "A judgment that fails to dispose of all remedies

4

asserted as to the same legal rights, leaving some legal rights open for future adjudication, is not a final judgment under Rule 74.01(b)." *Id*.

This rule is applicable to "cross-claims or counterclaims arising out of the same set of facts, and the same transactions and occurrences, as the dismissed claims or counts appealed." *ABB*, 390 S.W.3d at 201. Analyzing whether a counterclaim constitutes its own distinct judicial unit is best performed by first determining whether it is a compulsory or permissive counterclaim. *First Cmty. Credit Union v. Levison*, 395 S.W.3d 571, 579 (Mo. App. E.D. 2013). If a counterclaim is compulsory, "then it must be disposed of by the trial court before this Court may entertain authority as it would fall under the same 'transactions and occurrences' (or 'judicial unit') as the claims sought under [the] petition." *Id*. at 580. On the other hand, a permissive counterclaim may constitute a separate judicial unit if it arises from a different transaction or occurrence than the dismissed claims and requires proof of different facts and the application of distinguishable law. *Id*.

In this case, Capital Finance's motion asking the trial court to certify the judgment as final under Rule 74.01(b) averred that "Read's counterclaim asserts a purported statutory class action based on deficiencies in Capital Finance's pre-sale and post-sale notices." Capital Finance went on to assert:

> As in [*First Community Credit Union v. Levison*, 395 S.W.3d 571, 579 (Mo. App. E.D. 2013)], the central "transaction or occurrence' giving rise to Capital Finance's claim is Andrew Read's breach of contract. The central 'transaction or occurrence' giving rise to Andrew Read's counterclaim is allegedly improper pre-sale and post-sale notices. Thus, the two claims are separate and distinct judicial units, and this Court may enter a final and appealable judgment as to Capital Finance's claim while Andrew Read's counterclaim still pends.

5

Capital Finance failed to mention, however, the other counterclaim brought by Read in this case.

In his suggestions in opposition to the motion to certify, Read merely argued that Capital Finance's claim on appeal would not be an "issue of first impression" and that it would not succeed on the merits. He made no reference to the existence of the other counterclaim contained in his petition and offered no argument regarding whether a distinct judicial unit was resolved by the partial judgment.

The trial court eventually granted Capital Finance's motion and certified its partial judgment for appeal. In so doing, it expressly relied on *Levison*, which would appear directly on point with regard to whether Read's second counterclaim was a separate judicial unit from the dismissed claims.

Even assuming, *arguendo,* that this Court would follow the decision of the Eastern District in *Levison* and hold that Read's second counterclaim related to the sufficiency of the pre-sale notice provided by Capital Finance constitutes a separate judicial unit from Capital Finance's breach of contract claim against Read, the record does not reflect that Read's first counterclaim related to the provisions of the installment contract has been resolved. As that counterclaim relates directly to the contract upon which Capital Finance's breach of contract claim is based, it is a mandatory counterclaim and cannot be viewed as a separate judicial unit from the breach of contract claim. Since that counterclaim is still pending, the trial court's partial judgment has clearly not resolved an entire judicial unit and certification of the judgment as final for purposes of appeal was improper. *ABB*, 390 S.W.3d at 203.

6

Because the partial judgment does not resolve an entire judicial unit and was improperly certified, this Court does not have jurisdiction to entertain the appeal. *Id*. at 204. The appeal is, therefore, dismissed, and the cause is remanded for further proceedings consistent with this opinion.

_____
Joseph M. Ellis, Judge

All concur.