

# In the
# Missouri Court of Appeals
# Western District

STEELHEAD TOWNHOMES, L.L.C.,
ET AL.,

　　　　　Respondents,

v.

CLEARWATER 2008 NOTE PROGRAM,
LLC, ET AL.,

　　　　　Appellants.

WD78422

OPINION FILED:

September 6, 2016

Appeal from the Circuit Court of Cass County, Missouri
The Honorable William B. Collins, Judge

Before Division Four: Mark D. Pfeiffer, Chief Judge Presiding,
James Edward Welsh, and Edward R. Ardini, Jr., Judges

Clearwater 2008 Note Program, LLC, appeals from the circuit court's judgment awarding Steelhead Townhomes, LLC, $650,000 on its claims for breach of fiduciary duty and unjust enrichment. Clearwater contends that the circuit court erred (1) in entering judgment for Steelhead on its claim for breach of fiduciary duties because, as a lender, Clearwater owed no fiduciary duties to Steelhead as a borrower; (2) in entering judgment for Steelhead on its claim for unjust enrichment because an express contract between the two parties precluded recovery on a claim of unjust enrichment; and (3) in failing to find that Steelhead had breached its contract

with Clearwater, entitling Clearwater to a judgment against Steelhead and its guarantors jointly and severally for $304,890.51, plus interest and attorney fees.

As filed in the circuit court, this case involved a 33-count first amended petition and an eight-count first amended counterclaim. Some of the counts were disposed of by the circuit court's judgment, by prior dismissals, or by summary judgment. A few of the counts Steelhead acknowledged were moot and abandoned them on the record before the circuit court at trial. But, a few counts of Steelhead's first amended petition appear to not have been disposed of by the circuit court or abandoned by Steelhead before the circuit court.

Indeed, after Clearwater filed its appeal, we advised Clearwater that it appeared that the circuit court's judgment was not final because the circuit court's judgment may not have disposed of all claims or parties to the action. Clearwater filed joint suggestions with Steelhead in support of the appeal, and Clearwater provided additional briefing on this issue in its appellant's brief. Clearwater asserted that it had jointly stipulated with Steelhead that "under Rule 81.12(f) that any claims or counterclaims not expressly addressed by the trial court's judgment of December 3, 2014, Steelhead's voluntary dismissals dated December 30, 2011, and January 17, 2014, or the summary judgment in favor of Respondent South and Associates dated May 6, 2013, were or hereby abandoned." Further, they claimed that every one of Steelhead's claims and Clearwater's counterclaims were disposed of by the circuit court's judgment, prior dismissals, summary judgment, or by abandonment. Finally, they claimed that, if this court decided that the judgment was not final because of a failure to dispose of all claims, it would be a poor use of judicial economy because "[i]t would create an unnecessary burden and expense on the parties, this Court, and the trial court" and because "[t]he parties would have to go back to

2

the trial court, have the trial court enter a new judgment only changed by expressly denying the abandoned claims, [and] re-appeal."

Thus, before we can even address the merits of this appeal, we have a duty to determine whether we have jurisdiction to review the appeal. *Gerken v. Missouri Dep't of Soc. Servs.*, 415 S.W.3d 734, 737 (Mo. App. 2013). "'A prerequisite to appellate review is that there be a final judgment.'" *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997) (citation omitted). In the absence of a final judgment, this court does not acquire jurisdiction to review Clearwater's claims. *Avidan v. Transit Cas. Co.*, 20 S.W.3d 521, 523 (Mo. banc 2000). A judgment is final when it disposes of all the issues with regard to all of the parties in the case and leaves nothing for future determination.[1] *Id.* "Any judgment as to fewer than all claims or all parties does not end the action, which makes it subject to the trial court's revision at any time until final judgment." *Title Partners Agency, LLC v. Dorsey*, 308 S.W.3d 308, 310 (Mo. App. 2010). "'If the trial court does not either resolve all the issues as to all parties or expressly designate "there is no reason for delay," the appeal must be dismissed.'" *Davis v. St. Luke's Home Health Care*, 200 S.W.3d 592, 594 (Mo. App. 2006) (quoting *Davis v. Howe*, 144 S.W.3d 899, 902 (Mo. App. 2004)).

---

[1] The only exception to this general rule is found in Rule 74.01(b), which says:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

3

In the case at bar, looking at the circuit court's judgment, the dismissals of certain counts by the parties, the circuit court's grant of summary judgment in regard to certain counts, and Steelhead's abandonment at trial of some of its counts because of mootness, it appears that the circuit court did not resolve Steelhead's counts in its first amended petition for promissory estoppel, prior material breach, unclean hands, negligent and malicious breach of contract against Clearwater, negligent misrepresentation against Clearwater, and equitable estoppel.[2]

Clearwater asserts that, because the parties in their joint suggestions as to why the appeal should not be dismissed stipulated under Rule 81.12(f) that it had abandoned any claims or counterclaims not expressly addressed by the circuit court's judgment, by Steelhead's voluntary dismissals, or by the circuit court's grant of summary judgment, this court must take the stipulation as a conclusive addition to the record. Given that stipulation, Clearwater argues that the circuit court's judgment is "conclusively final." Rule 81.12(f), however, has no bearing on the finality of a judgment. Rule 81.12(f) merely allows the parties to stipulate and correct the record on appeal if anything is omitted from the record on appeal. Nothing within Rule 81.12(f) gives the parties the authority to stipulate as to the finality of a judgment. Indeed, as previously noted, Rule 74.01(b) is very clear that only the circuit court may certify for appeal a judgment on one or more but fewer than all of the claims in a case but only when the circuit court makes an express determination that there is no just reason for delay. The circuit court made no such determination in this case.

---

[2]By listing the undisposed counts we do not assume that all are recognized causes of action. Plaintiffs, however, may attempt to set forth a claim for a hither to unknown cause of action in an attempt to have the court recognize it. It would be the circuit court's obligation, in the first instance, to recognize or reject the proffered claim.

4

Clearwater also relies on *Unnerstall Contracting Company v. City of Salem*, 962 S.W.2d 1, 5-6 (Mo. App. 1997), and *Murray v. Ray*, 862 S.W.2d 931, 932 n.1 (Mo. App. 1993), for the contention that a judgment does not have to address any abandoned claims. In these cases, however, the appellate courts found that the record made before the circuit court established that the parties had abandoned their claims. The appellate courts, therefore, concluded that the judgments entered by the circuit courts were final and appealable even though the circuit courts' judgments did not mention the abandoned claims. In this case, the record before the circuit court makes it clear that Steelhead abandoned its claims of declaratory judgment, fraud in the inducement, declaratory judgment action-fraud, prima facie tort, indemnification, accounting, estoppel to enforce deed of trust, and rescission. The record, however, is equally clear that Steelhead had not abandoned its claims of promissory estoppel, prior material breach, unclean hands, negligent and malicious breach of contract against Clearwater, negligent misrepresentation against Clearwater, and equitable estoppel.[3]

Clearwater also argues that holding the judgment to be non-final because of a failure to dispose of all claims would be a poor use of judicial economy because "[i]t would create an unnecessary burden and expense on the parties, this Court, and the trial court" and because "[t]he parties would have to go back to the trial court, have the trial court enter a new judgment only changed by expressly denying the abandoned claims, [and] re-appeal." A judgment entered as to fewer than all claims, however, does not end an action and is subject to revision by the circuit court any time until final judgment. *Title Partners Agency*, 308 S.W.3d at 310. Engaging in piecemeal appeals and redundant reviews would be "antithetical to judicial economy." *Gerken*, 415 S.W.3d at 738. "[P]iecemeal appeals are oppressive and costly, and . . . optimal appellate

---

[3]*See* note 2.

review is achieved by allowing appeals only after the entire action is resolved in the trial court." *Id.* (quoting *Davis v. St. Luke's Home Health Care*, 200 S.W.3d at 594 n.1).

"If a judgment 'disposes of fewer than all of the issues and remedies as to a single claim, it is not an appealable judgment.'" *Gerken*, 415 S.W.3d at 739 (citation and emphasis omitted). "'A judgment that fails to dispose of all remedies asserted as to the same legal rights, leaving some legal rights open for future adjudication, is not a final judgment under Rule 74.01(b).'" *Id.* (citation omitted). A final judgment is a sine qua non to jurisdiction in the appellate court. No stipulation in this court can provide an essential prerequisite to jurisdiction here.

Because the circuit court has not resolved all of the issues as to all of the parties in this case or certified the case for appeal, we dismiss the appeal.

/s/ JAMES EDWARD WELSH
James Edward Welsh, Judge

All concur.