

# In the Missouri Court of Appeals
## Western District

AARON M. DOUGHERTY, SR., et al., )
                    Appellants, )
v.                                  )         WD82063
                                   )
THE MISSOURI DEPARTMENT OF  )
SOCIAL SERVICES / THE CHILDREN'S )     FILED: July 16, 2019
DIVISION, et al.,                 )
               Respondents. )

## APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY
### THE HONORABLE KENNETH R. GARRETT, III, JUDGE

### BEFORE DIVISION TWO: LISA WHITE HARDWICK, PRESIDING JUDGE,
### THOMAS H. NEWTON AND MARK D. PFEIFFER, JUDGES

Aaron Dougherty and Kelsey Dougherty, individually and as next friends of M.G.P., A.M.D., Z.N.D., and A.A.D. ("the Doughertys") appeal the circuit court's entry of summary judgment in favor of three Children's Division employees on the Doughertys' negligence claims against them. The Doughertys contend the court erred in finding that the doctrine of official immunity barred their claims. Because we find that the Doughertys' notice of appeal was untimely filed, we dismiss the appeal.

### PROCEDURAL HISTORY

In September 2016, the Doughertys filed a petition asserting claims of negligence against the Department of Social Services/Children's Division ("the Division"); Jennifer McIntyre individually and as an Investigator II; Courtney Whited, individually and as an Investigations Supervisor; Karla Moran, individually and as a Children's Service Worker I; Judith Keillor, individually and as a Children's Service Supervisor; and Heather Barry, individually and as a Children's Division Specialist.

On October 16, 2017, the court dismissed the Doughertys' claim against the Division after finding that sovereign immunity barred their claim. The court declined to dismiss the Doughertys' claims against McIntyre, Whited, and Barry ("Respondents").

Respondents subsequently filed a motion for summary judgment. On February 14, 2018, the court granted their motion after finding the doctrine of official immunity barred the Doughertys' claims against them.

On March 14, 2018, the Doughertys filed a motion titled, "Motion to Amend Judgment and for New Trial Pursuant to Rule 78." The court denied this motion on March 28, 2018.

The Doughertys filed a notice of appeal on April 27, 2018. *See Dougherty v. Mo. Dep't of Soc. Servs.*, Case No. WD81714 ("first appeal"). Respondents moved to dismiss the first notice of appeal as untimely filed, noting that, pursuant to Rule 81.05(a)(2)(B), the February 14, 2018 summary judgment became final when the court ruled on the Doughertys' motion to amend and for a new trial;

2

therefore, under Rule 81.04(a), the notice of appeal was due on April 9, 2018, which was ten days after the judgment became final on March 28, 2018.

While the first appeal was pending, this court sent a letter to the parties noting that the summary judgment did not appear to be a final judgment because it did not appear to dispose of the Doughertys' claims against Karla Moran and Judith Keillor. We asked that the Doughertys and Respondents file suggestions as to why the first appeal should or should not be dismissed on this basis.

In their suggestions, the Doughertys stated that they had entered into an agreement with Respondents, prior to Respondents' filing their answer, to have Moran and Keillor removed as parties from the lawsuit and that Moran and Keillor "may be removed from the case based solely upon the ground of their not being served with process." The Doughertys admitted that they failed to have Moran and Keillor removed from the case caption solely due to an oversight of their counsel but that they continued to believe, per the agreement, that Moran and Keillor should be removed as parties from the lawsuit. The Doughertys further stated that the transcript of a deposition taken on April 21, 2017, shows a conversation between counsel discussing this agreement. Therefore, the Doughertys argued that the summary judgment was a final judgment and their appeal should be allowed to go forward.

In their suggestions, Respondents, like the Doughertys, argued the summary judgment was a final judgment because the record clearly established that the Doughertys had abandoned their claims against Moran and Keillor. Respondents

3

asserted that, pursuant to case law, abandoned claims need not be adjudicated in a final judgment, and a judgment that fails to mention a party's abandoned claims where the record establishes that the party intended to abandon those claims prior to entry of judgment is final and appealable. Respondents argued that, because the summary judgment was a final judgment, the Doughertys' notice of appeal was untimely filed. After considering the parties' suggestions, we dismissed the first appeal as untimely filed. *See Dougherty v. Mo. Dep't of Soc. Servs.*, Case No. WD81714.

After we dismissed their first appeal, the Doughertys filed a "Voluntary Dismissal of All Claims Against Defendants Karla Moran and Judith Keillor" in the circuit court on August 24, 2018. The Doughertys then filed a second notice of appeal in this court on August 27, 2018 ("second appeal"). In their second notice of appeal, the Doughertys listed the dates of the "judgment/decree/order" as October 16, 2017, the date of the court's dismissal of the claim against the Division; February 14, 2018, the date of the court's summary judgment in favor of Respondents; and August 24, 2018, the date they filed their voluntary dismissal.

Respondents moved to dismiss the second appeal as untimely filed, asserting the same arguments that they, and the Doughertys, made in their suggestions to this court in the first appeal. In response, the Doughertys argued that the February 14, 2018 summary judgment was not a final judgment because it failed to dispose of their claims against Moran and Keillor. Contrary to their contention in their first appeal that the summary judgment was a final judgment because the record

4

showed that they failed to obtain service of process on Moran and Keillor and the parties had agreed, early in the lawsuit, that Moran and Keillor should be removed as parties, the Doughertys asserted that they did not abandon their claims against Moran and Keillor until August 24, 2018, when they filed their voluntary dismissal of those claims.

We issued an order taking the motion to dismiss the second appeal as untimely filed with the case and rule on it now.

## STANDARD OF REVIEW

"It is a jurisdictional requirement that a notice of appeal be timely filed; if the notice of appeal is untimely, we are without jurisdiction to hear the appeal and we must dismiss it." *River Salvage, Inc. v. King*, 11 S.W.3d 877, 879 (Mo. App. 2000). Whether we have jurisdiction is a question of law that we review *de novo*. *Dunkle v. Dunkle*, 158 S.W.3d 823, 827 (Mo. App. 2005).

## ANALYSIS

The timeliness of the Doughertys' second notice of appeal depends upon when the February 14, 2018 summary judgment became a final judgment. "A judgment is final when it disposes of all the issues with regard to all of the parties in the case and leaves nothing for future determination."[1] *Steelhead Townhomes, L.L.C. v. Clearwater 2008 Note Program, LLC*, 504 S.W.3d 804, 805-06 (Mo. App. 2016). "Any judgment as to fewer than all claims or all parties does not end

---

[1] As we noted in *Steelhead*, 504 S.W.3d at 506 n.1, the only exception to this general rule is found in Rule 74.01(b), which allows the court to enter a judgment as to fewer than all of the claims or parties "only upon an express determination that there is no just reason for delay."

5

the action, which makes it subject to the trial court's revision at any time until final judgment." *Id*. at 806 (citation omitted).

In the Doughertys' petition, they asserted claims against six defendants: the Division; the three Respondents; Moran; and Keillor. The court dismissed the Doughertys' claims against the Division on October 16, 2017. After the three Respondents filed a motion for summary judgment on the Doughertys' claims against them, the court entered summary judgment in favor of Respondents on February 14, 2018. The Doughertys contend that, because the February 14, 2018 summary judgment did not address their claims against Moran and Keillor, it did not dispose of all of the claims and parties and, therefore, was not a final judgment. We disagree.

A judgment does not have to address abandoned claims. *See id*. at 806. Where a judgment fails to mention claims, the judgment may still be final and appealable where the record clearly establishes that the claims were abandoned. *See id*. at 806-07. "[I]f there is any uncertainty in the judgment as to the party for or against whom it is rendered, it is proper to look at the entire record, including the pleadings and process to ascertain for or against whom the judgment is rendered." *State v. Haney*, 277 S.W.2d 632, 635 (Mo. 1955). "Even though the judgment may not be complete within itself, . . . it is nevertheless sufficient if it can be made perfect by reference to the pleadings or papers on file in the case." *Massey v. Massey*, 594 S.W.2d 296, 298 (Mo. App. 1979) (citation omitted).

In this case, the Doughertys never obtained service of process on Moran and Keillor. As the Doughertys admitted in their suggestions to this court in support of their first appeal, they entered into an agreement with Respondents, very early in the case, to remove Moran and Keillor as parties from the lawsuit. Counsel for both parties referenced this agreement during a conversation following a deposition on April 21, 2017. In the transcribed conversation, Respondents' counsel stated that her "understanding is that the only named parties are Heather Barry, Courtney Whited and Jennifer McIntyre, as well as [Children's Division]." She then stated her concern that Moran and Keillor were still mentioned as parties on Case.net. At that point, the Doughertys' counsel said, "We need to make a correction to the caption." When Respondents' counsel said, "I feel like we did on the record at the case management conference," the Doughertys' counsel said, "Yeah, the case management, yeah."[2] Respondents' counsel then said, "But that's not reflected anywhere and so I'm just trying to maintain a clear record." The Doughertys' counsel stated that he agreed with her, and his co-counsel told Respondents' counsel, "We'll get it changed on Case.net." The Doughertys' counsel repeated, "We'll get that to you on the record and clean it up." Thus, the record before the circuit court shows that, on April 21, 2017, the Doughertys agreed that Moran and Keillor were no longer parties to the case, which meant that the Doughertys were

---

[2] Case.net indicates that the case management conference to which the parties were referring occurred on March 6, 2017.

no longer pursuing their claims against Moran and Keillor.[3] The record clearly establishes that the Doughertys abandoned their claims against Moran and Keillor long before the court entered summary judgment in favor of Respondents on February 14, 2018.

Nevertheless, the Doughertys argue that "[t]he law of Missouri knows only two ways to 'abandon' a claim or party so that it does not have to be addressed in a judgment to make the judgment final:  (1) dismissing the claim in writing under Rule 67.02(2); or (2) in a *jury* trial (but not a bench trial), by not submitting the claim to the jury."  We agree with the Doughertys that case law has found that a claim not submitted to the jury is deemed abandoned.  *See e.g., Murray v. Ray*, 862 S.W.2d 931, 932 n.1 (Mo. App. 1993); *Young ex rel. Young v. Davis*, 726 S.W.2d 836, 838 (Mo. App. 1987).  We do not believe, however, that failing to submit a claim to the jury in a jury trial is the *only* instance in which a claim can be deemed abandoned, particularly where the record before the circuit court clearly shows that the plaintiffs chose not to pursue claims by failing to obtain service of process against certain defendants and by entering into an agreement to remove those defendants from the lawsuit.

---

[3] That the agreement to remove Moran and Keillor as parties to the case was on the record before the circuit court distinguishes this case from *Steelhead*, 504 S.W.3d at 806-07.  After we questioned the finality of the judgment appealed from in *Steelhead*, the parties filed a joint stipulation stating that the parties had abandoned any claims or counterclaims not expressly addressed by the judgment.  *Id*. at 806.  Rejecting this stipulation, we noted that nothing in the rules allows the parties to stipulate to the finality of a judgment and, furthermore, that the record *before the circuit court* must establish the abandonment.  *Id*. at 806-07.

Because the record before the circuit court clearly establishes that the Doughertys abandoned their claims against Moran and Keillor before the court entered the February 14, 2018 summary judgment, the summary judgment became final on March 28, 2018, when the circuit court ruled on the Doughertys' motion to amend the judgment or for a new trial. The Doughertys' notice of appeal was due on April 9, 2018. Their second notice of appeal, which was filed on August 27, 2018, was untimely; therefore, we must dismiss their second appeal for lack of jurisdiction.

### CONCLUSION

The appeal is dismissed.

_____
**LISA WHITE HARDWICK, JUDGE**

ALL CONCUR.