

# SUPREME COURT OF MISSOURI
## en banc

ANDREW LUKE LEMASTERS, )   *Opinion issued April 28, 2020*
                                )
              Appellant, )
                                )
v.                                   )  No. SC97878
                                )
STATE OF MISSOURI, )
                                )
                                )
            Respondent. )

## APPEAL FROM THE CIRCUIT COURT OF NEWTON COUNTY
The Honorable Timothy W. Perigo, Judge

Andrew Lemasters appeals the judgment overruling his Rule 29.15 postconviction motion seeking to vacate his felony statutory sodomy conviction under section 566.062.[1] He claims the motion court erred in failing to adjudicate one claim and in denying another claim of ineffective assistance of trial counsel. Before considering Mr. Lemasters's claims on appeal, this Court examines whether his *pro se* motion was timely filed. Because the trial court has yet to comply with this Court's mandate in *State v. Lemasters*, 456 S.W.3d 416 (Mo. banc 2015), there is no final judgment in the underlying criminal case. Therefore, Mr. Lemasters's motion for postconviction relief is premature. The motion court's

---

[1] All statutory citations are to RSMo 2000, unless otherwise noted.

judgment is vacated, and the cause is remanded.  On remand, Mr. Lemasters's *pro se* motion shall be deemed filed when the time for filing a postconviction relief motion commences under Rule 29.15(b).[2]

## Factual and Procedural Background

In 2013, a jury found Mr. Lemasters guilty of one count of first-degree statutory sodomy, and the court sentenced him to 31 years in prison.  Mr. Lemasters had been charged with two counts of statutory sodomy, but the state dismissed the second count before the case was submitted to the jury.  In recording the judgment, however, the trial court mistakenly noted that Mr. Lemasters had been convicted of both counts.

Mr. Lemasters appealed, alleging the trial court erred in overruling his motion to disqualify the prosecutor's office and seeking to correct the erroneous written judgment. This Court found, while the trial court did not abuse its discretion in overruling Mr. Lemasters's motion to disqualify the prosecutor's office, it did make a clerical error in recording the judgment.  This Court held, "the judgment as to one count of first-degree statutory sodomy is affirmed.  The judgment as to the second count of first-degree statutory sodomy is vacated.  The case is remanded with directions that the trial court vacate its judgment with respect to the second count of statutory sodomy." *Lemasters*, 456 S.W.3d at 426.  This Court issued its mandate on March 12, 2015.

After this Court's mandate issued, the trial court made a docket entry stating, "Affirmed."  This is likely because, on July 14, 2014, approximately eight months *before*

---

[2] All references to Rule 29.15 are to Missouri Court Rules (2015).

2

this Court issued its mandate, the trial court entered an amended judgment correcting the error in the original judgment. A review of the record on appeal, however, shows this Court was unaware of this amendment when it decided Mr. Lemasters's appeal. Neither Mr. Lemasters nor the state noted the trial court's amended judgment in their briefs, which were filed subsequent to the amendment. Instead, both parties asked this Court to enter a *nunc pro tunc* correction to the trial court's original erroneous judgment, suggesting the parties also lacked notice of the trial court's action. The Court declined to correct the judgment *nunc pro tunc* and, instead, remanded with the above instructions.

Mr. Lemasters filed a *pro se* motion for postconviction relief pursuant to Rule 29.15 on June 17, 2015, 97 days after this Court issued its mandate. The motion court appointed the public defender to represent him. Motion counsel filed a motion to treat Mr. Lemasters's *pro se* Rule 29.15 motion as timely, alleging Mr. Lemasters's "delay in finalizing his Form 40, with his signature, in part resulted from his having to wait for access to a notary public with the institution" and citing *Price v. State*, 422 S.W.3d 292 (Mo. banc 2014), as authority for the exception to an untimely filed motion when the delay was caused by third-party interference. The motion court sustained his motion on September 25, 2015.

Motion counsel filed an amended Rule 29.15 motion. At the beginning of the evidentiary hearing, Mr. Lemasters's counsel confirmed that the motion court had sustained the motion to treat Mr. Lemasters's *pro se* motion as timely. The state did not object to Mr. Lemasters's claim of third-party interference, and Mr. Lemasters presented no evidence regarding the alleged third-party interference. After the evidentiary hearing, the motion court overruled Mr. Lemasters's motion on the merits, holding Mr. Lemasters

3

"failed to meet his burden beyond a preponderance of the evidence that he received ineffective assistance of trial counsel, and secondly he was prejudiced thereby."

Mr. Lemasters appealed. This Court granted transfer after opinion by the court of appeals. Mo. Const. art. V, sec. 10.

## Analysis

Mr. Lemasters claims his motion for postconviction relief was premature because the trial court failed to carry out this Court's mandate issued in his direct appeal; therefore, his judgment of conviction is not yet final. He further argues the time period for him to file his *pro se* motion will not begin to run until the trial court acts as mandated by this Court. The state argues Mr. Lemasters may not raise this claim for the first time on appeal, particularly in light of Mr. Lemasters's contrary request that the motion court treat his *pro se* postconviction motion as timely filed. Given his position in the motion court, the state asserts Mr. Lemasters "waived appellate review of any alleged error by the motion court in proceeding on his postconviction motion."

Even if this Court were to agree Mr. Lemasters waived any claim that his postconviction relief motion was prematurely filed, it does not end the inquiry into the timeliness of his *pro se* motion. In its brief, the state claims the motion court erred in treating Mr. Lemasters's motion as timely because it was filed 97 days after this Court's mandate issued in *Lemasters*, 456 S.W.3d 416. Accordingly, this Court must address the timeliness of Mr. Lemasters's motion for postconviction relief. *See Dorris v. State*, 360 S.W.3d 260, 268 (Mo. banc 2012) ("It is the court's duty to enforce the mandatory time limits and the resulting complete waiver in the post-conviction rules[.]").

4

Rule 29.15 authorizes those convicted of a felony after trial to collaterally challenge their convictions by claiming constitutional or jurisdictional defects. If an appellate court orders a remand on direct appeal, Rule 29.15 provides that a postconviction motion challenging the judgment entered after remand be filed only after that new judgment or sentence becomes final. Rule 29.15(b) specifies that, if no appeal is taken from the remanded judgment, a petitioner has 180 days to file a motion for postconviction relief. If an appeal is taken from the remanded judgment, however, a motion for postconviction relief must be filed within 90 days of the appellate court's mandate. Rule 29.15(b).

Mr. Lemasters challenged his conviction on direct appeal, and this Court issued its mandate directing the trial court to vacate his conviction on the second count of statutory sodomy. When an appellate court reverses a trial court's judgment and remands the case with directions to enter a specific judgment, the directions "must be followed by the trial court *without deviation . . . ." Smith v. Brown & Williamson Tobacco Corp.*, 410 S.W.3d 623, 633 (Mo. banc 2013) (emphasis added) (quoting *Sebree v. Rosen*, 374 S.W.2d 132, 136 (Mo. 1964)). After this Court's mandate issued in Mr. Lemasters's direct appeal, however, the trial court incorrectly entered on the docket sheet, "Affirmed," disregarding this Court's direction to "vacate its judgment with respect to the second count of statutory sodomy." *See Lemasters*, 456 S.W.3d at 426.

The state argues that, because the "sole judgment of conviction that [Mr. Lemasters] sought to have set aside was affirmed by this Court," the judgment of conviction became final when this Court issued its mandate affirming the conviction on that count. This Court clarified in *State v. Waters*, No. SC97910, __ S.W.3d __ at *7 (Mo. banc Mar. 17, 2020),

5

however, that a judgment of conviction that resolves fewer than all counts against a defendant, while any count remains pending, is not final. Accordingly, Mr. Lemasters's conviction on the first count will not become final until the trial court complies with this Court's mandate in the direct appeal.

"There are two types of remands: (1) a general remand, which does not provide specific direction and leaves all issues open to consideration in the new trial; and (2) a remand with directions, which requires the trial court to enter a judgment in conformity with the mandate." *Gerken v. Mo. Dep't of Soc. Servs., Family Support Div.*, 415 S.W.3d 734, 738 (Mo. App. 2013) (internal quotations omitted). In Mr. Lemasters's direct appeal, this Court issued a remand with specific directions. When an appellate court provides specific directions to a circuit court, the circuit court "cannot modify, alter, amend, or deviate" from the appellate court's directions. *Id.* (internal quotations omitted).

The trial court in the underlying criminal case failed to enter a judgment in conformity with the mandate of this Court. [3] The trial court may have concluded there

---

[3] Mr. Lemasters also claims there is a further failure to comply with this Court's mandate because the mandate also directed he be transferred from the department of corrections to the Newton County jail "to await the further order and action of the said Circuit Court of Newton County." He is correct that has not occurred. Because the original mandate has not been fully effectuated, this Court has authority to amend the mandate and has done so. The mandate in *State v. Lemasters,* SC94295 has been amended to remove the direction that Mr. Lemasters be transported from the department of corrections to the Newton County jail. This is because it is not, and never was, necessary for Mr. Lemasters to be present in the courtroom when the trial court enters a new judgment correctly reflecting what occurred during his trial and sentencing. *See State v. Berry*, 506 S.W.3d 357, 365 (Mo. App. 2016) ("If the defendant is not returned for resentencing, the court has authority only to enter the sentence as orally pronounced." (quoting *State v. Burrell*, 944 S.W.2d 948, 951 (Mo. App. 1997)).

6

was no need to comply with this Court's mandate because it had previously executed an amended judgment correcting the same error.[4] Appellate mandates, however, require the trial court's strict compliance. *See Smith*, 410 S.W.3d at 633. This Court's mandate did not grant discretion to the trial court. This Court in *Lemasters* specifically directed the trial court to "vacate its judgment with respect to the second count of statutory sodomy." 456 S.W.3d at 426. The trial court could comply with this direction only by entering an amended judgment after the mandate's issuance that correctly reflects what occurred during Mr. Lemasters's trial and sentencing.

Given the trial court's failure to strictly comply with this Court's mandate, no "new judgment" has yet resulted from Mr. Lemasters's direct appeal, much less become final.[5] *See Gerken*, 415 S.W.3d at 738. "A motion for post-conviction relief is a collateral attack on a final judgment of a court." *McKay v. State*, 520 S.W.3d 782, 787 (Mo. banc 2017) (internal quotations omitted). Because the judgment of conviction in Mr. Lemasters's criminal case is not yet a final judgment that triggers the running of the time period in which he can file a Rule 29.15 motion, his Rule 29.15 motion is premature.

This Court has articulated the proper procedure for prematurely filed motions:

---

[4] The trial court in Mr. Lemasters's criminal case had the power to correct its judgment without notice to the parties or the court of appeals where his appeal was then pending. *Pirtle v. Cook*, 956 S.W.2d 235, 241 (Mo. banc 1997). Its failure to give notice of correction of its judgment, however, caused the parties to continue to seek such relief on appeal and this Court to issue an opinion and mandate directing the trial court to vacate a judgment that had previously been corrected.

[5] Significantly, this Court did not order the trial court to enter a judgment *nunc pro tunc*, which would not have affected the finality of the original judgment. *See Pirtle*, 956 S.W.2d at 241. Rather, its mandate gave specific directions with which the trial court did not comply. *See Lemasters*, 456 S.W.3d at 426.

> [W]here a premature post-conviction motion has been filed under Rule 29.15 or Rule 24.035, it should be held pending the time for filing of the post-conviction motion . . . . At that point the premature motion, as filed or as supplemented within the time permitted for filing such a motion, should be considered filed by the motion court.

*Id.* A motion court's ruling on a premature motion should be vacated on appeal and the cause remanded so that it may proceed once the challenged criminal judgment is final.[6] *See id.* at 788. On remand, the motion court shall consider Mr. Lemasters's *pro se* motion for postconviction relief filed when the time for filing a postconviction relief motion commences under Rule 29.15(b).

## Conclusion

For the reasons stated above, the judgment of conviction is not final for purposes of appeal. Therefore, Mr. Lemasters's motion for postconviction relief is premature. Accordingly, the motion court's judgment is vacated, and the cause is remanded.

_____
PATRICIA BRECKENRIDGE, JUDGE

All concur.

---

[6] Because this issue is dispositive, the Court need not address Mr. Lemasters's other claims of error.

8