

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| BETHANY J. KELLY, | ) | |
| | ) | |
| Respondent, | ) | WD84981 |
| | ) | |
| v. | ) | OPINION FILED: June 21, 2022 |
| | ) | |
| BOONE COUNTY, MISSOURI AND | ) | |
| BRANDON WAINMAN, | ) | |
| | ) | |
| Appellants. | ) | |

**Appeal from the Circuit Court of Boone County, Missouri**
The Honorable Joshua Calvin Devine, Judge

Before Division Four: Cynthia L. Martin, Chief Judge, Presiding, Janet Sutton, Judge
and Laura Denvir Stith, Senior Judge

Boone County, Missouri ("Boone County") and Brandon Wainman ("Wainman") (collectively "Defendants") appeal from the trial court's grant of Bethany J. Kelly's ("Kelly") motion for partial summary judgment which argued that Defendants' asserted defenses of sovereign immunity, official immunity, and the public duty doctrine were inapplicable. Because there is no final, appealable judgment, we dismiss the appeal.

## Factual and Procedural History[1]

In February 2021, Boone County employed Wainman as a snow plow driver, and on February 15, 2021, Wainman was performing his duties as a snow plow driver in Boone County. Mark Swindell ("Swindell"), Kelly's father, was traveling southbound on US Highway 63. Wainman was stopped in the median between the northbound and southbound lanes of US Highway 63, facing west. As Swindell approached Wainman's snow plow, Wainman crossed over the southbound lanes of US Highway 63 and pulled into the path of Swindell's vehicle. Swindell's vehicle collided with Wainman's snow plow blade. The snow plow blade entered Swindell's passenger compartment, fatally injuring him.

On April 29, 2021, Kelly filed a wrongful death suit against Defendants in the Circuit Court of Boone County, Missouri. Kelly's petition alleged four counts: (1) wrongful death against Wainman; (2) wrongful death based upon a theory of respondent superior against Boone County; (3) wrongful death based upon Boone County's alleged negligent hiring, training and supervision of Wainman; and (4) wrongful death based upon negligence by Boone County. Defendants filed an "Answer and Affirmative Defenses to Plaintiff's Petition" ("Answer") which asserted, *inter alia*, that Kelly's claims were barred

---

[1]"When reviewing the trial court's entry of summary judgment, '[w]e view the record in the light most favorable to the party against whom the judgment was entered and accord the non-movant all reasonable inferences from the record.'" *Steinbach v. Maxion Wheels Sedalia LLC*, 637 S.W.3d 493, 497 n.1 (Mo. App. W.D. 2021) (quoting *Traweek v. Smith*, 607 S.W.3d 779, 784 (Mo. App. W.D. 2020)).

by the doctrines of sovereign immunity and official immunity, and that Defendants were protected from liability under the public duty doctrine.[2]

On August 19, 2021, Kelly filed a motion for partial summary judgment ("Motion") against Defendants, requesting that the trial court find that Defendants were not entitled to sovereign immunity, and that Wainman was not protected by official immunity or the public duty doctrine. In her Motion, Kelly argued that Boone County had waived its sovereign immunity because her petition alleged injuries directly resulting from an employee's operation of a motor vehicle within the course of his employment, and that sovereign immunity was not applicable to Wainman as an individual public official. Kelly's Motion also asserted that because Wainman's act of driving the snow plow was a ministerial duty, he was not protected by official immunity, and that Wainman was not protected from liability pursuant to the public duty doctrine because he owed a duty to operate the snow plow "with the highest degree of care and to obey all traffic rules and regulations in a non-emergency situation to all who could have been injured, not just the public at large." In their response to Kelly's Motion, Defendants conceded that sovereign immunity had been waived, but argued that Wainman was protected by official immunity because his operation of the snow plow was a discretionary duty based upon his need to "exercise professional expertise and judgment in the exercise of his duties," and that Wainman was shielded from liability by the public duty doctrine for the same reason.

---

[2]Defendants' Answer also asserted that Kelly's petition failed to state a claim upon which relief could be granted and contributory negligence by Swindell.

3

On November 12, 2021, the trial court made a docket entry indicating that it was granting Kelly's Motion. The docket entry stated:

> Now, on this 12th day of November, 2021, the Court takes up in chambers for ruling the [Motion] filed by Plaintiff on 8-19-21, which motion was taken under advisement by the Court on 11-8-21. After due consideration, and being fully advised in the premises, said motion is hereby GRANTED.

On December 21, 2021, the trial court issued an order denominated "Partial Summary Judgment" with the same language contained in the docket entry, though adding, "It is further ORDERED pursuant to Rule 74.01(b) that there is no just reason for delay for the purpose appellate review of this Partial Summary Judgment."

Defendants appeal.

### Finality of the Judgment

"Before addressing the merits of [this] appeal[ ], this Court has a duty to determine whether it has jurisdiction." *Murphy v. Steiner*, 631 S.W.3d 624, 629 (Mo. App. W.D. 2021) (quoting *Wilson v. City of St. Louis*, 600 S.W.3d 763, 765 (Mo. banc 2020)). "For this Court to have jurisdiction, the [Partial Summary Judgment] entered by the [trial] court and appealed by the [Defendants] must have been a 'final judgment' as that phrase is used in section 512.020(5)." *Id.* (quoting *Wilson*, 600 S.W.3d at 765). "[A] 'final judgment' for purposes of section 512.020(5) must satisfy the following criteria. First, it must be a judgment (i.e., it must fully resolve at least one claim in a lawsuit and establish all the rights and liabilities of the parties with respect to that claim)." *Wilson*, 600 S.W.3d at 771. The judgment must also satisfy Rule 74.01(a), in that it "must be in writing, signed by the judge, and expressly denominated a judgment." *Id.* at 771 n.9. "Second, it must be 'final,'

4

either because it disposes of all claims (or the last claim) in a lawsuit, or because it has been certified for immediate appeal pursuant to Rule 74.01(b)." *Id.* at 771. However, "[a] judgment is eligible to be certified under Rule 74.01(b) ***only*** if it disposes of a 'judicial unit' of claims, meaning it: (a) disposes of all claims by or against at least one party, or (b) it disposes of one or more claims that are sufficiently distinct from the claims that remain pending in the circuit court." *Id.* (emphasis added). "Determining whether these criteria are met is a question of law and depends on 'the content, substance, and effect of the order,' not the circuit court's designation." *Id.* (quoting *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997)). "[T]he question of whether a judgment is eligible for certification under Rule 74.01(b) is a question of law on which the circuit court has no discretion; only the question of whether an eligible judgment should be certified under Rule 74.01(b) is left to the sound exercise of the circuit court's discretion." *Id.*

The Partial Summary Judgment resolved whether the Defendants could rely on certain asserted defenses. The Partial Summary Judgment was in writing, signed by the judge, and denominated as a "judgment" as required by Rule 74.01(a). The Partial Summary Judgment did not establish all the rights and liabilities of the parties with respect to any of the claims asserted in Kelly's petition, however. In fact, all of the claims asserted in Kelly's petition remain pending and unresolved. The Partial Summary Judgment is therefore not a "final judgment" for purposes of section 512.020(5). *See Wilson*, 600 S.W.3d at 772 ("the October 25 Declaratory Order fails this first criteria because it does not fully resolve any claim"). As a result, the Partial Summary Judgment was not eligible for certification under Rule 74.01(b). "[A] trial court's designation of a judgment as final

5

under Rule 74.01(b) is effective only when the order disposes of a distinct 'judicial unit.'" *Capital Fin. Loans, LLC v. Read*, 476 S.W.3d 925, 927 (Mo. App. W.D. 2015) (quoting *ABB, Inc. v. Securitas Sec. Servs. USA, Inc.*, 390 S.W.3d 196, 200 (Mo. App. W.D. 2012)).

Defendants argue that if we agree that Wainman was protected by either official immunity or the public duty doctrine, then our resolution of this appeal *would* result in the disposition of a distinct judicial unit, permitting us to exercise jurisdiction over this appeal. However, our jurisdiction to entertain an appeal is not subject to creation after the fact, and instead must exist at the time the appeal is filed--an assessment that is based solely on whether the trial court's action from which the appeal is taken qualifies as a "final judgment."

Though we are sympathetic to the parties' desire for an immediate resolution of the substantive issue presented by this appeal, that is not controlling on the subject of our jurisdiction. A final judgment is an essential condition precedent to the statutory right of appeal, regardless of any argument that can be made about judicial efficiency. *Wilson* did not broaden nor narrow this settled requirement, and merely clarified that Rule 74.01(b) affords no exception to the settled rule. Demonstrative of this point, Missouri cases that have addressed the merits of interlocutory orders rejecting an immunity defense have done so in response to a writ of prohibition or mandamus. *See, e.g., State ex rel. Beutler, Inc. v. Midkiff*, 621 S.W.3d 491 (Mo. banc 2021) (addressing writ of mandamus sought by defendants whose motion for summary judgment asserting immunity from suit based on the workers' compensation exclusivity doctrine was denied); *State ex rel. Alsup v. Kanatzar*, 588 S.W.3d 187 (Mo. banc 2019) (addressing a writ of prohibition sought by a

6

teacher whose motion for summary judgment claiming entitlement to official immunity was denied); *State ex rel. Twiehaus v. Adolf*, 706 S.W.2d 443, 444 (Mo. banc 1986) (holding that when a defendant is entitled to immunity as a matter of law, "prohibition is an appropriate remedy"). Writs are extraordinary legal remedies that effectively circumvent the normal appellate process, consistent with the conclusion that an appeal will not lie from an interlocutory order declaring a defendant ineligible for, or not subject to, an asserted immunity, even when that order has been certified pursuant to Rule 74.01(b).

Because the Partial Summary Judgment is not a final judgment for purposes of section 512.020(5), it was ineligible for certification under Rule 74.01(b). This Court lacks jurisdiction to entertain this appeal.

## Conclusion

Defendants' appeal is dismissed for want of a final, appealable judgment.

_____
Cynthia L. Martin, Judge

All concur

7